STATE of Arkansas *v.* Eric G. HOLMES

CR 01-729                                            66 S.W.3d 640

Supreme Court of Arkansas
Opinion delivered February 14, 2002

*Mark Pryor*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellant.

No response.

RAY THORNTON, Justice. Appellant, State of Arkansas, brings this appeal, pursuant to Ark. R. App. P.—Crim. 3 (2001), from an order entered by Pulaski County Circuit Court granting a posttrial motion to set aside the verdict in favor of appellee, Eric G. Holmes. On appeal, the State first argues that the trial court erred in granting the posttrial motion because appellant had waived any question pertaining to the sufficiency of the evidence by failing to comply with Ark. R. Crim. P. 33.1(b) (2001), and as a result, was barred from challenging the sufficiency of the evidence supporting his conviction in a posttrial motion. For its second point, the State contends the trial court erred by not having a hearing on a posttrial motion when requested by the State. We agree with the State's argument on the first point, and reverse and remand.

Holmes was charged by felony information with two counts of theft by deception and one count of violating the real estate licensing law. In the information, the State alleged that Holmes obtained $1,300.00 from Priscilla Jones and $7,000.00 from Rose Taylor, in violation of Ark. Code Ann. § 5-36-103 (Repl. 1997), by falsely representing to each of these women that he was going to sell them a house when he knowingly intended to take their money without conveying title to the property.

At the bench trial, Priscilla Jones testified that she attempted to purchase a home from Holmes in March 1999. She testified that she entered into an agreement with Holmes in February 1999, and that Holmes was making repairs to the house before she moved in. She stated that she gave him a thirteen-hundred dollar cashier's check as a down payment, with a promise to pay more money down after the completion of the repairs.

Jones further testified that "[s]omething unusual happened in April 1999." She said Holmes told her, "Well, I don't know if it's a good idea that you should move in." According to Jones, she and Holmes were to meet to discuss the alleged problem with the house, but "[n]othing ever transpired." Holmes then told her that she could move into the house in a couple of months. Someone else moved into the house in mid-April 1999. She attempted to contact Holmes, but he would not return her calls.

Rose Taylor also testified at trial. She had been a victim of the tornado in 1998, and had lost her home on Battery Street. Shortly thereafter, she met Holmes, who called her at work one day and said that he had a home that she could buy. She said, "[W]e'll see," and stated that she felt pressure from Holmes to buy a home from him. Holmes showed her a home, and Taylor acquired a down payment from FEMA and a tax refund check.

Prior to moving into the home, she told Holmes that she did not want to give him any money down because she wanted to check her credit. According to Taylor, Holmes gave her the keys and told her to move in. She signed a contract and moved into the house on March 21, 1999. She testified that he wrote the contract as a purchase agreement to buy. She later gave Holmes approximately $1200 to $1300, and $3500 when Holmes worked on the loan for the house. She further testified that "I gave Eric more money at other times on this house." She later obtained a backdated receipt in the amount of $7000 with a date of February 5, 1999. In early June 1999, Holmes told Taylor that her loan did not go through and that she had to move out of the house because he had sold it to someone else. He assured her that he would return her down-payment, but he did not.

Detective Jacqueline Brandford, a detective at Little Rock Police Department, testified that she received a complaint and a report filed by Rose Taylor. She contacted Holmes several times by phone. On September 1, 1999, after *Miranda* warnings were given to him, he signed a waiver form, and Brandford obtained a taped statement from him. That tape was played in its entirety at trial. In his taped interview, Holmes denied that he received the $7000 from Rose Taylor.

After the State rested, defense counsel moved for a directed verdict as to all counts, and the trial court denied the motions.

The defense then presented its case-in-chief during which Holmes testified that Taylor never gave him $7000 but that he wrote out a receipt for $7000. On cross-examination, he testified that he created a false receipt for $7000. Holmes also admitted on cross-examination that he lost his license because he was found guilty of violations by the real estate commission.

After the close of all the evidence, the State made its closing argument. The defense counsel then responded by presenting his

closing arguments. At the end of his closing argument, defense counsel made the following statement:

> MR. KEARNEY [*counsel for Holmes*]: And, your Honor, for that reason and because the state has the burden and they've not met it, we'd ask you to dismiss each charge.

The trial court convicted Holmes of the two counts of theft of property, but granted an earlier motion to dismiss on the licensing charge. The trial court sentenced Holmes as a habitual offender to ten years' incarceration with five years suspended conditioned upon his payment of restitution to the victims.

After he was convicted, Holmes filed a motion to set aside the verdict, or in the alternative, a motion for a new trial. In his motion, he argued that the State's witnesses were not credible, that the State failed to prove motive, and included a stipulation in which he proposed to pay full restitution to the victims, conditioned in part on the granting of his motion. The State filed a responsive pleading and requested a hearing. The trial court, without holding a hearing, granted Holmes's motion and set aside the convictions, accepting Holmes's stipulation to provide his cash bond as restitution to the victims. The State filed a timely notice of appeal from the order setting aside Holmes's conviction. From the trial court's order granting Holmes's motion to set aside the verdict, the State brings this appeal.

For its first allegation of error, the State argues that the trial court erred in granting Holmes's motion because he had waived any question pertaining to the sufficiency of the evidence by failing to comply with Ark. R. Crim. P. 33.1(b) (2001). Specifically, the State argues that, because Holmes did not make a motion for directed verdict at the close of all the evidence, the trial court lacked authority to grant his motion.

Arkansas Rule of Criminal Procedure 33.1 provides in pertinent part:

> (b) In a nonjury trial, if a motion for dismissal is to be made, *it shall be made at the close of all of the evidence*. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.

(c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

*Id.* (emphasis added). Rule 33.1 is strictly construed. *Etoch v. State*, 343 Ark. 361, 37 S.W.3d 186 (2001) (citing *Thomas v. State*, 315 Ark. 504, 868 S.W.2d 483 (1994)).

▮▮ In the present case, Holmes's motion for directed verdict was not made at the close of all the evidence. Rather, it was included during Mr. Kearney's closing argument, as quoted above. Under *Etoch, supra,* we adhere to a strict interpretation of our rules, and we hold that Holmes did not comply with Ark. R. Crim. P. 33.1(b) and (c). In order to preserve the question of the sufficiency of the evidence, Holmes should have made his motion for directed verdict at the close of all the evidence before closing arguments. Because of his failure to do so, we hold that the trial court erred in considering his motion to set aside the verdict for insufficient evidence, and we reverse and remand with instructions to reinstate Holmes's convictions and sentence.

Because the State prevails on its first point on appeal, we decline to reach the merits of the remaining arguments.

Reversed and remanded.