Corey Demont McCLINA *v.* STATE of Arkansas

CR 02-1345                                   123 S.W.3d 883

Supreme Court of Arkansas
Opinion delivered October 9, 2003

*William R. Simpson, Jr.*, Public Defender, by: *Erin Vinett*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

JIM HANNAH, Justice. On August 5, 2002, Appellant Corey McClina stood bench trial in the Pulaski County Circuit Court, Seventh Division, on charges of residential burglary and misdemeanor theft of property. The State presented testimony of three witnesses. The defense presented testimony of one witness. After resting its case, the defense made no motion for dismissal. The trial court found McClina guilty on both counts. The trial court sentenced McClina to five years' imprisonment for the burglary conviction and imposed a fine of $100 for the theft conviction.[1]

---

[1] On the same day that McClina was convicted of burglary and misdemeanor theft, the trial court also found him guilty of failure to appear and revoked his probation for residential burglary, theft of property, and attempted residential burglary. Appellant counsel filed a

On appeal, McClina argues that Arkansas's procedural default rules are unconstitutionally applied to him where the evidence supporting his conviction was wholly insufficient. We disagree, and we affirm the trial court. This case was certified to this court by the court of appeals pursuant to Ark. S. Ct. R. 1-2(b)(3), and (6).

*Facts*

On June 25, 2002, the State filed a two-count felony information against McClina, charging him with residential burglary of Jerry Phillips's trailer and with misdemeanor theft of Phillips's property. At the bench trial, Phillips testified that on March 14, 2002, while at work, he received a phone call from a friend who notified him that someone had broken into his home at the Whispering Hills trailer park located at 11500 Chicot Road, Lot 10, in Little Rock. He stated that upon arriving at home, he discovered that his home had been "ram shacked." He estimated his loss at $600 or $700; however, he did not identify the lost property. He also did not identify the perpetrator.

Officer Kenneth Walker of the Little Rock Police Department testified that he responded to a call of "unknown trouble" at 11500 Chicot Road. Once he arrived on the scene, Walker spoke to Phillips and another witness and made a report. In his report, Walker did not identify either the lost property or the perpetrator.

The State then called Jonathan Taylor to testify. Taylor testified that he spoke to a police officer in response to a burglary that had occurred at Phillips's trailer. He stated that he told the police officer that he saw McClina "walking away from the trailer with the stuff." When asked what McClina was carrying when he left the trailer, Taylor stated that he forgot. In an attempt to refresh Taylor's memory, the deputy prosecutor showed Taylor a prior

---

no-merit brief on these convictions and has requested permission to withdraw in accordance with Ark. S. Ct. R. 4-3(j)(1). In the no-merit brief, appellant's counsel stated that, with respect to the convictions for failure to appear and revocation of probation, there were no adverse pretrial rulings, no adverse rulings on evidentiary objections made during the trial, and no preservation of any potential error committed. McClina was notified of his right to file a *pro se* brief within thirty days. *See* Ark. S. Ct. R. 4-3(j)(2). He did not file a brief.

From a review of the record and the briefs before this court, we find the appeals to be without merit. Accordingly, counsel's motion to be relieved is granted and the judgment is affirmed on the convictions of failure to appear and revocation of probation.

statement he had made to a Detective Tribble. Taylor read the statement and testified that he remembered speaking with the detective and that he remembered telling the detective that when McClina came out of the house, he was carrying "some clothes and shoes."

The deputy prosecutor continued to question Taylor about what he saw:

Q: Do you remember that that's what he was carrying?

A: When he came across the street.

Q: When he came across the street?

A: Yes, ma'am.

Q: And when he came across the street, was he coming directly from the house that was burglarized?

A: No, ma'am.

Q: Where was he coming from?

A: He was coming from around the corner.

Q: Okay, so he came across the street and you saw him coming out?

A: Coming out of the house?

Q: Uh-huh.

A: No, ma'am. I seen him coming away from the house.

Q: Okay. Do you remember telling the police officer the day you talked to him, the day the burglary occurred, that you saw him coming out of the house, coming across the street?

A: Yes, ma'am.

Q: Okay. And you remember telling him that?

A:    Yes, ma'am.

\*\*\*

On cross-examination, defense counsel questioned Taylor about several other burglaries which had occurred at the trailer park. Taylor admitted that he had been involved in some of the burglaries due to "peer pressure." When defense counsel asked Taylor what he saw McClina doing on the day in question, Taylor responded: "When he came across the street, I seen him with some clothes, some shoes, and a watch, some watches."

· Defense counsel next called Detective Tribble to the stand. Tribble stated that Taylor told him that McClina was responsible for the burglary of Lot 10. Tribble also testified that Taylor "was listed as a suspect on the original report by the officer." After presenting testimony from Tribble, the following colloquy took place between defense counsel and the trial court:

DEFENSE COUNSEL:   Your Honor, at this time the Defense rests; I would like to be heard on closing argument.

THE COURT:   You say the Defense rests?

DEFENSE COUNSEL:   Yes, sir, and I'd like to be heard on closing.

\*\*\*

DEFENSE COUNSEL:   Your Honor, I would like to say the entire case rests on this juvenile who's 14, Jonathan Taylor, and that his testimony is inconsistent. He didn't remember much. He didn't see our client coming from trailer ten where the burglary occurred. He said several times that he saw Mr. McClina coming from around the corner. And I would submit that he has an interest in the outcome of this having been a suspect in this case and the fact that he admits to some burglaries and not to others is not, I think a great

enforcement of his honesty. Even Detective Tribble thought he was a suspect in this case at first and that there is a reasonable doubt as to my client's guilt.

THE COURT: All right, thank you. Come up to the podium, please. All right, Mr. McClina, it will be the finding of the Court that you were guilty of these charges —

\*\*\*

McClina challenges the sufficiency of the evidence, arguing that "the only evidence that the State produced was that the Appellant was in the general proximity of the crime scene, a trailer park, on the day the crime allegedly occurred." The State argues that McClina's challenges to the sufficiency of the evidence supporting his convictions are not preserved for appellate review because McClina failed to make a motion for dismissal at the close of the evidence.

Rule 33.1 of the Arkansas Rules of Criminal Procedure provides, in part:

(b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of the evidence.

(c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence

for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

Though McClina failed to comply with the plain language of Rule 33.1, he requests that we treat his closing argument as a motion for dismissal and reach the merits of his sufficiency argument. Rule 33.1 is strictly construed. *See State v. Holmes*, 347 Ark. 689, 66 S.W.3d 640 (2002); *Etoch v. State*, 343 Ark. 361, 37 S.W.3d 186 (2001). In *Holmes, supra*, we held that a motion for a directed verdict that was made during a closing argument instead of at the close of evidence did not preserve a sufficiency argument for appellate review. *Holmes*, 347 Ark. at 693.

In the present case, McClina failed to make a motion for dismissal. Instead, during his closing argument, defense counsel argued that McClina was not a credible witness and stated that there was a reasonable doubt as to McClina's guilt. At no time did McClina ask for a dismissal of charges. Under *Holmes, supra*, and *Etoch, supra*, we adhere to a strict interpretation of our rules. In order to preserve the issue of sufficiency of the evidence, McClina had to make a motion for dismissal at the close of all evidence before closing arguments. Because of his failure to do so, he did not preserve his sufficiency challenge for appellate review. We hold that McClina failed to comply with Ark. R. Crim. P. 33.1(b) and (c). Therefore, we will not address the merits of McClina's sufficiency argument.

Alternatively, McClina argues that the application of procedural bars in this case will result in a violation of the due process guarantees of the Fourteenth Amendment, as well as article 2, section 8, of the Arkansas Constitution. To support his argument, McClina cites *O'Connor v. Ohio*, 385 U.S. 92 (1966), and argues that the Court's holding stands for the proposition that the application of a contemporaneous objection rule is barred when the rule serves no legitimate function. The present case is distinguishable from *O'Connor*. In *O'Connor, supra*, the petitioner had previously come before the United States Supreme Court arguing "that the prosecutor's comment upon his failure to testify during his trial for larceny violated the constitutional right to remain silent." 385 U.S. at 92.

The *O'Connor* Court vacated the conviction and remanded the case to the Ohio Supreme Court for further proceedings in light of the Court's holding in *Griffin v. California*, 380 U.S. 609 (1965).[2] Following remand, the Ohio Supreme Court upheld the petitioner's conviction "solely on the ground that he failed to object to the proscribed comment at his trial and during his first appeal in the state courts." *O'Connor*, 385 U.S. at 92. The Court, noting that *Griffin* was to be applied prospectively and noting that the petitioner's conviction was not final when *Griffin* was decided, held that "in these circumstances the failure to object in the state courts cannot bar the petitioner from asserting this federal right." *Id.* The Court explained its holding, stating:

> Defendants can no more be charged with anticipating the *Griffin* decision than can the States. Petitioner had exhausted his appeals in the Ohio courts and was seeking direct review here when *Griffin* was handed down. Thus, his failure to object to a practice which Ohio had long allowed cannot strip him of his right to attack the practice following its invalidation by this Court.

*Id.*

█ In the present case, McClina should have been aware of the requirement to move for a motion to dismiss at a bench trial to preserve a sufficiency argument for appellate review. Still, McClina maintains that while Rule 33.1 requires a defendant to make a motion for dismissal at a bench trial, the rule should not apply in cases such as his, where it serves no perceivable purpose.

In *Lee v. Kemma*, 534 U.S. 362, 379-80 (2002), the United States Supreme Court noted that the contemporaneous objection rule "is unassailable in most instances, *i.e.*, it ordinarily serves a legitimate governmental interest; in rare circumstances, however, unyielding application of the general rule would disserve any perceivable interest." McClina argues that there is no perceivable interest served by requiring a motion for dismissal in the present case. He states:

---

[2] In *Griffin*, the United States Supreme Court stated: "We . . . hold that the Fifth Amendment, in its direct application to the Federal Government and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." 380 U.S. at 615.

The policy behind the preservation/contemporaneous objection rule is to allow trial courts the first opportunity to rule on a disputed legal issue, and to avoid reversing trial courts on grounds not presented below. . . .

However, in a bench trial such as Appellant's, and with evidence as scant as the State's, the trial court should well have been on notice of the problem with the State's proof. The trial court had to make an assessment of proof beyond a reasonable doubt in order to render the finding of guilty; it did not require prompting from defense counsel to gain a review of the State's evidence. Thus, the purpose of putting the trial court on notice is not an issue in this case. The trial court was of necessity on notice that it needed to review the evidence. Reviewing the evidence was the trial court's function because the trial court sat as the finder of fact.

The State contends that, contrary to McClina's assertions, the requirement that a challenge to the sufficiency of the evidence be timely raised at a bench trial has two "perceivable purposes." The State contends that the purpose for requiring a contemporaneous objection rule is that it allows the trial court the opportunity to consider an issue and correct any error. The State maintains that "[a]lthough such an occurrence no doubt is uncommon, a trial court could well be confused about the elements of an offense and that confusion could be eliminated at trial if an objection were raised identifying alleged deficiencies in the prosecution's case." This is consistent with the concurring opinions in *Strickland v. State*, 322 Ark. 312, 909 S.W.2d 318 (1995) (overruled by *In Re: Rule 33.1, Rules of Criminal Procedure*, 337 Ark. Appx. 621 (1999) (per curiam)). In *Strickland*, the court held that, in a bench trial, a defendant need not state specific grounds for his or her motion for dismissal challenging the sufficiency of the evidence. 322 Ark. at 318. It was noted that the reason for distinguishing between the two kinds of trials lacked "practical applicability," in that:

. . . [S]pecial judges try felony criminal cases in this State, and, since they do not regularly sit as trial judges and may not be as familiar with the elements of multiple crimes and lesser offenses, they ought to be given the benefit of the specific grounds on which the evidence is insufficient.

*Strickland*, 322 Ark. at 321 (Dudley, J., concurring).

Further, it was stated:

> It is quite fair and reasonable to presume, as the majority does in this case, that a trial court knows the elements of a crime. However, it is unreasonable to expect the people of this state and the trial court to be subject to a trial by ambush, such as when multiple offenses with different elements are tried or when a multitude of witnesses extend the trial for several days or weeks. While this state is blessed with very capable trial judges, they are still human and susceptible to human weakness. A motion for a directed verdict should be specific so as to inform the trial court what insufficiencies are exposed by failure of proof, and to allow the trial court to reflect on the issue and give an informed decision.

*Id.* at 323-24 (Corbin, J., concurring).

Subsequent to *Strickland, supra,* Rule 33.1 was amended to require defendants in bench trials to notify the trial court of the particular reasons why the State's evidence is insufficient in order to preserve that issue for appeal. *See* Reporter's Notes, *In Re: Rule 33.1, Rules of Criminal Procedure,* 337 Ark. Appx. 621 (1999) (per curiam).

■■ The other "perceivable purpose," according to the State, "is that the motion allows the trial court the option of either granting the motion or allowing the prosecution to reopen its case to supply the missing proof." We agree. We have made it clear that the proof of the element of the crime that is alleged to be missing must be specifically identified in a motion for a directed verdict. *Webb v. State,* 327 Ark. 51, 938 S.W.2d 806 (1997). The reason for this rule is that when specific grounds are stated and absent proof is pinpointed, the trial court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof. *Id.; Walker v. State,* 318 Ark. 107, 883 S.W.2d 831 (1994); *Brown v. State,* 316 Ark. 724, 875 S.W.2d 828 (1994); *Standridge v. City of Hot Springs,* 271 Ark. 754, 756, 610 S.W.2d 574 (1981) (citing *Ryan Distrib. Corp. v. Caley,* 147 F.2d 138 (3d Cir. 1945)). McClina's argument that Rule 33.1 serves no perceivable purpose is without merit.

■■ Finally, McClina urges this court to consider a claim of ineffective assistance of trial counsel. He argues that the appli-

cation of the procedural bar results in a denial of counsel on direct appeal, in violation of the Sixth Amendment's guarantee of counsel and the Arkansas Constitution's corollary guarantee of counsel. This court will not consider ineffective assistance as a point on appeal unless that issue has been considered by the trial court. *Slocum v. State*, 325 Ark. 38, 924 S.W.2d 237 (1996). While Rule 37 of the Arkansas Rules of Criminal Procedure generally provides the procedure for postconviction relief due to ineffective counsel, we will address this issue on direct appeal, provided that it was first raised during trial or in a motion for a new trial and provided that the surrounding facts and circumstances were fully developed either during the trial or during other hearings conducted by the trial court. *Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002); *Chavis v. State*, 328 Ark. 251, 942 S.W.2d 853 (1997).

McClina did not raise this point below; however, he argues that, in his case, "[a]pplying the procedural rules to the Appellant has the practical result of denying him the assistance of counsel to litigate his sufficiency challenge." He argues that this "denial of counsel violates his right to counsel as guaranteed by the Sixth Amendment to the federal constitution as well as Art. 2, sec. 10 of the Arkansas Constitution."

McClina states:

> Appellant is currently represented by the Pulaski County Public Defender. Once the direct appeal is completed, Appellant's indigent status will preclude him from hiring private postconviction counsel. There is no right to court-appointed counsel in postconviction proceedings. In all likelihood, after appellate counsel finishes her Reply Brief, the Appellant will have no further access to legal representation in this matter. It is a near impossibility that Appellant, not trained in law, will be able to successfully navigate the procedural intricacies of the Rule 37 petitioning process. It is even less likely that the Appellant, acting *pro se*, will be able to wade through the murky procedural waters of the federal habeas system, a system which routinely drowns even the most experienced of habeas defense counsel.

> The Appellant is entitled to counsel during the pendency of this direct appeal. . . . Given the procedural framework governing this appeal, the Appellant simply cannot have effective assistance of

counsel on direct appeal. In fact, the procedural framework renders appellate counsel entirely powerless to raise a meritorious issue. It is as if the Appellant had no counsel at all. For this reason, the procedural bars irrationally imposed in this case amount to a violation of the Sixth Amendment's guarantee of the right to counsel.

A defendant in a criminal case is entitled to effective assistance of counsel. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Noble v. State*, 319 Ark. 407, 892 S.W.2d 477 (1995) (overruled on other grounds by *Grillot v. State*, 353 Ark. 294, 107 S.W.3d 136 (May 22, 2003)). However, there is no right to counsel in a postconviction proceeding. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Coleman v. State*, 338 Ark. 545, 998 S.W.2d 748 (1999). The trial court may, at its discretion, appoint counsel to represent a defendant at a postconviction hearing. Ark. R. Crim. P. 37.3 (2003).

McClina fails to demonstrate that he has been denied counsel on appeal. In fact, McClina has been represented by counsel on appeal. He appears to be arguing that, on appeal, he should be allowed to make arguments which, as a result of ineffective trial counsel, are procedurally barred. That is not so. McClina has failed to cite any authority for this proposition. In addition, McClina fails to cite any authority for his argument that, even if this court finds no Sixth Amendment violation, there is still an Arkansas constitutional violation. McClina points out that the Arkansas Constitution has different language than the Sixth Amendment; however, he fails to explain how this difference in language affords him more protection. Arguments unsupported by authority or convincing argument will not be considered by this court. *Ward v. State*, 350 Ark. 69, 84 S.W.3d 863 (2002).

Affirmed.

BROWN and THORNTON, JJ., not participating.