2010 Ark. 171

**Erica Rae GRUBE, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR09–1005.**

Supreme Court of Arkansas.

April 15, 2010.

Law Office of J. Blake Hendrix, by: J. Blake Hendrix, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Laura Shue, Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice.

Appellant Erica Rae Grube raises one issue in her appeal from a conviction for negligent homicide and a sentence of ten years. She contends that the circuit judge erred in a bench trial in finding that she engaged in criminally negligent conduct

and that the conduct caused the death of the pedestrian victim because the evidence was insufficient to support the conviction. We affirm the decision of the circuit judge because Grube did not preserve this issue for our review.

On August 15, 2008, Erica Rae Grube was charged with negligent homicide in violation of Arkansas Code Annotated section 5–10–105, resulting from an automobile accident on February 25, 2008. At the ensuing bench trial on May 22, 2009, the prosecutor began his case with the testimony of Ronald Robinson, a trooper with the Arkansas State Police, Highway Patrol Division. According to Robinson, on February 25, 2008, he responded to a call that a person was walking along the side of Highway 67/167 in Pulaski County and that there was a broken-down vehicle on the highway. While en route to respond to this call, Robinson received another call at 10:07 p.m. from an Arkansas State Police dispatcher that there had been a possible accident in that same area. He turned on his police lights and siren and responded to the accident.

Robinson testified that the accident site was on Highway 67/167 northbound, just south of Jacksonville. He stated that that stretch of road had been under construction for three or four years prior to the night in question. According to Robinson, while traveling to the accident scene, he passed a stranded, black sport utility vehicle. The vehicle was on the left-hand side of the northbound traffic lane, on the median side of the highway. Robinson added that as he approached the crash scene, he observed another, smaller vehicle parked off the shoulder of the road, partially in the traffic lane, but with the left wheels on the "jagged shoulder."

Robinson continued his testimony by saying that he encountered the driver of the smaller vehicle at the accident scene, and he identified her in court as the appellant, Grube. Robinson also testified that there was a victim at the crash scene. The victim's torso was inside Grube's vehicle, having crashed through the back window glass, and the victim's legs were "draped over the side of the car where the left rear wheel would be." The victim did not show any signs of life.

Robinson next testified that Grube appeared to be upset and distraught when he arrived at the accident scene. He also stated that he smelled the odor of intoxicants on her person. Robinson told the court that he used a computer program to make a diagram of the accident scene following the night in question that was included in the State's case file. Robinson created the diagram by identifying a point of reference and measuring the distance between that point and items at the scene.

Robinson further testified that he conducted a breathalyzer test on Grube at 12:31 a.m.; that his machine was certified; that he was certified to operate the machine; and that the installation of the machine was certified. According to Robinson, the results from the breathalyzer showed blood-alcohol content at 0.083. Robinson also stated that before entering the construction zone, there was a sign that said "Reduce Speed" and that he believed there were construction barrels throughout the area.

On cross-examination, Robinson testified that the area was "dangerous" and that it was not reasonable for the victim to stop where he did because there was no shoulder at that place in the highway. He said that while Grube was upset, he did not see her fall down or stumble. He also did not note in his police report that her speech was slurred, that her face was flushed, or that her eyes were bloodshot. He did not administer a field sobriety test, and Grube was not arrested that evening. He testi-

fied that in his opinion, Grube was intoxicated and was under the influence of intoxicants and that is what caused her to hit the victim.

Robinson did testify that he had no evidence that Grube was speeding or driving erratically other than the accident itself. He also testified that there were skid marks leading to the accident site, which showed that Grube applied her brakes prior to impact. Robinson added that the area was a "very dangerous place we investigate a lot."

Doug Estes, a special agent with the Arkansas State Police, testified that he responded to the crash scene on February 28, 2008, at 11:43 p.m. and interviewed Grube at the scene, after she signed a waiver of her *Miranda* rights. According to Estes, Grube was "cooperative at that time." He said he smelled an odor of what he believed to be intoxicants on her. He added that Grube told him she had gone to work at TGI Friday's Lakewood Village location on the afternoon of February 28, 2008. She told Estes that a co-worker agreed to finish her shift for her because she had an early class the next morning. Grube also mentioned that she had stopped at another location before heading home to Cabot. When Estes asked her where she stopped, she said she wanted an attorney, and the interview was terminated.

On cross-examination, Estes stated that his police report did not reveal that he heard slurred speech or saw bloodshot eyes in his contact with Grube on the night in question. He testified that he did not do a field sobriety test and that Grube was not placed under arrest for intoxication.

Purcell Robinson, another officer with the Arkansas State Police, testified that he had contact with Grube on the night of the accident and that he smelled the odor of intoxicants on her. He stated that he transported her to the hospital to obtain blood and urine samples. He testified that Vicky Staggs, a medical technologist, drew the blood and took the urine sample.

Rebecca Carlisle, a forensic toxicologist at the Arkansas State Crime Laboratory, testified that she received specimens of blood and urine belonging to Grube and that she performed the tests on both samples. Carlisle told the court that the blood tested positive for alcohol at a level of 0.11–gram percent. She added that she could not testify as to the condition of a person with that blood-alcohol concentration but that it was over the legal limit of 0.08. Carlisle also testified that Grube's urine tested positive for cocaine metabolite, which is a breakdown product of cocaine. According to Carlisle, cocaine can remain in a person's urine for two to forty-eight hours. She added that she was unable to tell when Grube had ingested cocaine and could not say that her motor skills and driving ability were impaired.

Dr. Charles Paul Kokes, Chief Medical Examiner with the Arkansas State Crime Laboratory, was the final witness for the prosecution. Dr. Kokes testified that the victim was primarily impacted at the lower back of his right leg and that the leg was planted at the time of impact. Dr. Kokes also testified that the victim's spine was separated from the base of his skull. According to Dr. Kokes, the victim's death was caused by the multiple injuries he sustained. The manner of death was classified as an accident.

Grube's counsel then moved to suppress certain State evidence, which the circuit judge denied, and, following that, introduced twenty-eight exhibits. After the bench trial, Grube was convicted of negligent homicide. On June 1, 2009, a judgment and commitment order was entered sentencing Grube to a ten-year term of

imprisonment in the Arkansas Department of Correction.

On appeal, Grube challenges the sufficiency of the evidence supporting a conviction for negligent homicide under section 5–10–105. As a threshold matter, however, the State questions whether the issue was preserved for this court's review under Arkansas Rule of Criminal Procedure 33.1 because, according to the State, Grube did not move for dismissal at the close of the evidence. The State specifically asserts that while Grube's attorney did make a closing argument, the argument was not a motion to dismiss, which Rule 33.1 requires in order to preserve a sufficiency argument for appeal. Moreover, the State contends that this court requires strict compliance with Rule 33.1. Grube responds that the sufficiency issue was preserved for appellate review because her counsel's "statement" was not a closing argument but a motion asking the court to rule in her favor. Grube relies heavily on the sequence of the statements made by counsel and urges that her counsel's statement was not a closing argument because her attorney spoke before the prosecuting attorney did.

In resolving this issue, the sequence of events is important. After the State rested its case, Grube's attorney moved to suppress certain State evidence, and the motion was denied. Grube's attorney then admitted twenty-eight defense exhibits into evidence and rested, after which the following colloquy occurred:

THE COURT: Okay. Anything further before I find whether or not she's guilty? Any argument?

DEFENSE COUNSEL: I can talk all day, Judge.

THE COURT: Yes. I know you have that—

DEFENSE COUNSEL: I will be short, Judge.

THE COURT: Give those to Beth. All right.

DEFENSE COUNSEL: Here's what—

THE COURT: Go ahead and get behind a microphone somewhere.

DEFENSE COUNSEL: Do you guys want to—

PROSECUTOR: We'll wait to address what your comments are.

DEFENSE COUNSEL: And it's simple. It's going to require independent proof of negligence, causation that the negligence caused the fatality and that the blood alcohol content was above 0.08. So moving to, it seems to me that the most interesting part of this case, is the negligence standard.

And let me first state the position that we have a 0.08 blood alcohol graph and 0.11 blood. There was no other. That fact alone, Judge, I submit to you is not proof of negligence standing alone. Otherwise, it would write the negligence element out of that statute. The statute would simply read, driving while intoxicated and death results. So there has to be independent proof of the negligence. And I think that those results are the circumstantial evidence of it.

The other items of evidence that were shown were simply this, there was the mention of the odor of intoxicants about her. But these things were notable, no one testified that she appeared to be affected or under the influence of alcohol. She was given no field sobriety test, she was not given the HGN. She was not even put under arrest which is an inference that clearly she was not impaired at the scene of that accident or clearly they would have taken her into custody.

And so it seems to me that the proof that's lacking is of the negli-

gence and the second is the causation. Did any negligence, which we submit there is none, did that cause this fatality?

And that's where we get to this stuff, Judge. It seems to me that a fair inference from the evidence is this, is you've got a construction zone, there was no evidence she was speeding, no evidence she was not in compliance will all applicable traffic laws and you have got one of the most confusing areas of traffic that have to be in the state of Arkansas.

The evidence that we showed you, the photographs, are not everyone that drives that area would have struck and killed Mr. Lowe. It creates ambiguity what yellow line was Mr. Lowe [the victim] walking on and if he was walking on the interior fog line, he was in the middle of that road. And so that's the sum and substance of the evidence under the reasonable doubt standard.

I'd submit to you, Judge, that the State has not met its burden of proving negligence, causation, beyond a reasonable doubt.

The prosecuting attorney then responded, following which the judge said: "Okay, what else? All right, please stand Ms. Grube. Move to the podium. Okay. Based on the evidence presented today I find you guilty as charged." The judge then heard victim-impact testimony and testimony from two defense witnesses before announcing the ten-year sentence.

Rule 33.1 of the Arkansas Rules of Criminal Procedure provides as follows:

(a) In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor.

(b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.

(c) The failure of a defendant to challenge the sufficiency of the evidence at the time and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

Ark. R.Crim. P. 33.1 (2009).

It is well settled that this court strictly construes Rule 33.1. *See, e.g., Elkins v. State*, 374 Ark. 399, 288 S.W.3d 570 (2008). This court has also made it clear that to preserve a sufficiency-of-the-evidence challenge, a party must move for a directed

verdict or for dismissal at the conclusion of the evidence and not during a closing argument. *See, e.g., Raymond v. State,* 354 Ark. 157, 118 S.W.3d 567 (2003) (sufficiency-of-the-evidence argument not preserved because the motion for directed verdict was not made prior to closing argument); *see also State v. Holmes,* 347 Ark. 689, 66 S.W.3d 640 (2002).

Grube responds to this case law by contending that the statement made by her attorney was in the nature of a motion to dismiss rather than a closing argument. She points this court to Arkansas Code Annotated section 16–89–123, which provides the procedure for closing arguments:

> (a) If the case is not submitted without argument, the party having the burden of proof shall have the opening and conclusion of the argument. If, upon demand of the adverse party, the attorney prosecuting for the state or the attorney for the defense shall refuse to openly and fully state the grounds on which he or she claims a verdict, the party so refusing shall be refused the conclusion of the argument.

> (b) If more than one (1) counsel on each side shall argue the case, they shall do so alternately.

Ark.Code Ann. § 16–89–123 (Repl.2005). According to Grube, there were no closing arguments in this case because the State, which had the burden of proof, did not speak first. Since the sequence of the arguments did not conform with section 16–89–123, Grube maintains that her attorney's comments were in the "format of a motion." Grube urges that the cases cited by the State are inapposite because, in those cases, it was undisputed that the motions were made during closing argument.

The State, however, relies on *McClina v. State,* 354 Ark. 384, 123 S.W.3d 883 (2003), where this court held that a sufficiency-of-the-evidence challenge was not preserved. In *McClina,* the defense rested and then the defense counsel said that he would "like to be heard on closing." Defense counsel proceeded to argue why the evidence created a reasonable doubt that his client had committed the charged crime. This court said: "[t]hough McClina failed to comply with the plain language of Rule 33.1, he requests that we treat his closing argument as a motion for dismissal and reach the merits of his sufficiency argument." *Id.* at 391, 123 S.W.3d at 887.

We declined to do as McClina requested, and we stated, "McClina failed to make a motion for dismissal. Instead, during his closing argument, defense counsel argued that McClina was not a credible witness and stated that there was a reasonable doubt as to McClina's guilt. At no time did McClina ask for a dismissal of charges." *Id.* Grube responds to the *McClina* opinion in a footnote and says that decision "is ambiguous and may be an anomaly." According to Grube, because the *McClina* opinion used ellipses to separate the defense counsel's statement that he rested from his argument regarding reasonable doubt, "it is unclear whether the State or the defense made the first opening argument."

The recent history of Rule 33.1 is illuminating and persuasive on this issue. Prior to 1999, a defendant was not required to move to dismiss in a criminal bench trial to preserve a sufficiency-of-the-evidence argument on appeal. *See, e.g., Strickland v. State,* 322 Ark. 312, 909 S.W.2d 318 (1995). In 1999, however, Rule 33.1 was amended to require a defendant to move for dismissal and to notify the trial court of the particular reasons why the State's evidence is insufficient in order to preserve that issue for appeal in a bench trial. *See In re Rule 33. 1, Rules of Criminal Procedure,* 337 Ark. App'x 621 (1999) (per cu-

riam). According to the Reporter's Note associated with this change, the new requirement of a dismissal motion in criminal bench trials "overrules the decision in *Strickland v. State....*"

In short, post–1999, this court has determined by rule that a party must move for dismissal in a criminal, nonjury trial at the close of all the evidence in order to preserve a sufficiency-of-the-evidence argument for review. We note that Arkansas Rule of Civil Procedure 50(c), however, does not mandate a motion to dismiss at the close of all the evidence in a nonjury trial, while the criminal rule does require such a motion in bench trials. *See, e.g., Oates v. Oates,* 340 Ark. 431, 10 S.W.3d 861 (2000). The reason for the different rules is that a motion to dismiss at the close of the State's case gives the trial court the option of granting the motion or allowing the prosecution to reopen its case and supply missing proof. *See, e.g., McClina v. State,* 354 Ark. 384, 123 S.W.3d 883.

In the instant case, we hold that Grube's sufficiency-of-the-evidence argument was not preserved for review on two grounds. First, the record reflects that the statement by Grube's attorney was in the nature of a closing argument and not the required motion to dismiss. The statement was in response to the following query by the circuit judge: "Anything further before I find whether or not she's guilty? *Any argument?*" (Emphasis added.) Furthermore, it is clear from the record that Grube's attorney offered to defer to the prosecutor to make the first argument, and the prosecutor responded by saying, "We'll wait to address what your comments are."

Second, Grube's focus on the timing and order of the comments misses the mark in another important respect. Grube's attorney never moved for dismissal or, in the words of the *McClina* court, "at no time did [the defendant] ask for a dismissal of charges." 354 Ark. at 391, 123 S.W.3d at 887. Therefore, even though Grube's counsel made a specific argument to the judge, he never asked for dismissal but argued instead, as was the case in *McClina,* that "the State has not met its burden of proving negligence, causation, beyond a reasonable doubt." The reasonable-doubt language is associated with a closing argument and not a motion to dismiss under Rule 33.1, where substantial evidence is the test.

Accordingly, using our standard of strict construction of Rule 33.1, we affirm for lack of preservation of the sufficiency-of-the-evidence point.

Affirmed.