SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-14-946

| | |
|---|---|
| QUINN LEE BAILEY | Opinion Delivered May 13, 2015 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION |
| V. | [NO. CR-2013-3620] |
| | HONORABLE HERBERT WRIGHT, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## M. MICHAEL KINARD, Judge

Quinn Lee Bailey appeals from his convictions at a bench trial of residential burglary and theft of property, for which he was placed on supervised probation for a period of three years, fined $500, and ordered to pay restitution of $2,124. He contends that the convictions are not supported by substantial evidence. We affirm.

Appellant was charged together with his girlfriend, Toddera Garlington, with residential burglary and theft of property in connection with the illegal entry into and theft of certain items from the Little Rock apartment of one of Garlington's ex-boyfriends, Dione Morrison. Dione lived with his brother and sister. He returned home from school in the early afternoon of April 8, 2013, to discover that someone had broken into his apartment through a back bedroom window and had stolen a number of items, including a television, a laptop computer, video game systems, and a number of video games. Dione's sister and

roommate, LaTonya, corroborated much of Dione's testimony and noted that a laundry basket had also been stolen. Dione's brother and other roommate, Gregory, testified that Garlington had come to the apartment a day or two earlier asking to retrieve some items. Gregory refused her request and turned her away.

The Morrisons' next-door neighbor, Othello Johnson, testified that he saw appellant, a co-worker, at around noon on April 8. Appellant was with a woman at the apartment complex where Johnson and the victims lived. Appellant was in front of the Morrisons' apartment, walking toward a white Honda. He was carrying a laundry basket containing a television and several other items. The woman whom appellant was with told Johnson that they had come to get her "stuff" from an ex-boyfriend. Johnson further testified that, within a couple of hours after seeing appellant carrying the basket and television, appellant sent him a text message inquiring whether the Morrisons had come home yet.

Testifying in his own defense, appellant admitted that Garlington drives a white Honda. He further admitted that he had gone to the victims' apartment with Garlington to retrieve some things and had seen Johnson and spoken to him. Appellant claimed, however, that these events occurred the day before the burglary and that he and Garlington had left empty-handed. He denied that he had ever entered the apartment or taken any property.

On appeal, appellant argues that the evidence is insufficient to support his convictions. Specifically, he contends that no eyewitness placed him, or anyone whom he was with, inside the apartment. He also argues that, because the stolen property was never recovered,

there is insufficient evidence to show that any items that he might have been carrying actually belonged to the victims. We find no reversible error.

First, we are not convinced that appellant preserved these issues for appeal. In order to preserve the sufficiency of the evidence as an issue for appeal in a criminal case, one must make a motion for directed verdict or dismissal at trial. In a bench trial, a motion to dismiss for insufficient evidence shall be made at the close of all evidence and shall state the specific grounds for dismissal. Ark. R. Crim. P. 33.1(b). If the defendant moved for dismissal at the close of the State's case, then the motion must be renewed at the close of all of the evidence. *Id*. A defendant's failure to challenge the sufficiency of the evidence at the time and in the manner specified in Rule 33.1(b) constitutes a waiver of any question pertaining to the sufficiency of the evidence to support the judgment. Ark. R. Crim. P. 33.1(c). Rule 33.1 is strictly construed. *McClina v. State*, 354 Ark. 384, 123 S.W.3d 883 (2003); *Hudson v. State*, 2014 Ark. App. 305.

Here, appellant moved for dismissal of the charges at the close of the State's case-in-chief. At the close of all of the evidence, however, appellant did not renew that motion. Instead, he made a closing argument in which he asked the trial court to find him not guilty on grounds that the State had not proved its case beyond a reasonable doubt. As such, appellant's argument was insufficient to preserve the issue of sufficiency of the evidence for appeal. *See Grube v. State*, 2010 Ark. 171, 368 S.W.3d 58; *Rogers v. State*, 2011 Ark. App. 2; *Higgins v. State*, 2010 Ark. App. 442.

SLIP OPINION

SLIP OPINION

Even were we to conclude that appellant had preserved the issue, however, we would still affirm. A person commits residential burglary if he enters or remains unlawfully in a residential structure of another person with the purpose of committing therein any offense punishable by imprisonment. Ark. Code Ann. § 5–39–201(a)(1) (Repl. 2013). A person commits theft of property if he knowingly takes or exercises unauthorized control over the property of another person with the purpose of depriving the owner of the property. Ark. Code Ann. § 5–36–103(a)(1) (Repl. 2013). When the sufficiency of the evidence is challenged on appeal from a criminal conviction, we consider only that proof that supports the conviction and view that evidence and all reasonable inferences deducible therefrom in the light most favorable to the State. *Davis v. State*, 2015 Ark. App. 234. The fact-finder is free to accept or reject any portion of any witness's testimony. *Holland v. State*, 2009 Ark. App. 398. We will affirm if the finding of guilt is supported by substantial evidence. *Davis, supra.* Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or the other without requiring resort to speculation or conjecture. *Hicks v. State*, 2012 Ark. App. 667. Circumstantial evidence may constitute substantial evidence to support a conviction if the evidence excludes every reasonable hypothesis other than that of the guilt of the accused. *Porter v. State*, 2012 Ark. App. 139. The question of whether the circumstantial evidence excludes every reasonable hypothesis consistent with innocence is for the fact-finder to decide; on review, we must determine whether the fact-finder had to resort to speculation and conjecture to reach its decision. *Id.*

Here, there was eyewitness testimony that appellant was walking away from the victims' apartment carrying items of the same nature that were shortly thereafter discovered to have been recently stolen from inside the apartment. He was with the ex-girlfriend of one of the victims, and that woman, in appellant's presence, admitted to the eyewitness that she and appellant were there retrieving some items from her ex-boyfriend. Considering this evidence in light of the close proximity in time to the burglary and theft, we conclude that appellant's convictions are supported by substantial evidence.

Affirmed.

GLOVER and HIXSON, JJ., agree.

*William R. Simpson, Jr.*, Public Defender; *Brandy Turner,* Deputy Public Defender; by: *Margaret Egan*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.