SLIP OPINION

Cite as 2017 Ark. App. 189

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-16-889

| | | |
|---|---|---|
| LINDA NELL WEBB | | **Opinion Delivered** March 29, 2017 |
| | APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| V. | | [NO. 35CR-16-120] |
| STATE OF ARKANSAS | | HONORABLE BERLIN C. JONES, |
| | APPELLEE | JUDGE |
| | | AFFIRMED |

### N. MARK KLAPPENBACH, Judge

Following a two-vehicle accident, appellant Linda Webb was convicted in a bench trial of driving while intoxicated (DWI) and improper passing on the left. Appellant appeals, challenging the sufficiency of the evidence to support her conviction for DWI. Because her challenge is not preserved for appellate review, we affirm.

In order to preserve the sufficiency of the evidence as an issue for appeal in a criminal case, one must make a motion for directed verdict or dismissal at trial. In a bench trial, a motion to dismiss for insufficient evidence shall be made at the close of all evidence and shall state the specific grounds for dismissal. Ark. R. Crim. P. 33.1(b) (2016). If the defendant moved for dismissal at the close of the State's case, then the motion must be renewed at the close of all of the evidence. *Id.* A defendant's failure to challenge the sufficiency of the evidence at the time and in the manner specified in Rule 33.1(b) constitutes a waiver of any question pertaining to the sufficiency of the evidence to support the judgment. Ark. R. Crim.

SLIP OPINION

P. 33.1(c). Rule 33.1 is strictly construed. *Medina v. State*, 354 Ark. 384, 123 S.W.3d 883 (2003); *Bailey v. State*, 2015 Ark. App. 312.

In this case, appellant appeared pro se for her bench trial.[1] The State presented evidence through two Arkansas State Police troopers, explaining that appellant's vehicle improperly attempted to pass a truck on a highway with double-yellow lines, the truck attempted to turn left, and appellant's vehicle collided with the rear portion of the truck. The troopers testified that appellant failed field-sobriety testing, given that she was unsteady on her feet, had slurred speech, had a "flushed" face, and had saliva coming from her mouth. Appellant had a number of prescription medications in her vehicle. A subsequent urine-drug-testing screen revealed that appellant was positive for benzodiazepines, a central nervous system depressant.

After the State rested, appellant made no motion for dismissal and instead took the stand to explain her side of the story, acknowledging that she took a number of medications for particular medical conditions but denying that she was driving in an impaired condition that day. Appellant admitted that one of her regular medications was clonazepam, which is a benzodiazepine. Appellant concluded her presentation, and then closing arguments were heard from the State and from appellant. Thereupon, the trial judge announced his decision. The trial judge found that the law enforcement officers had provided sufficient evidence of her intoxication, for purposes of DWI, that was due to prescription medication. This appeal

---

[1]At the district court level, appellant was represented by counsel.

SLIP OPINION

followed.

Appellant failed to move for dismissal at any time during trial. Consequently, appellant has waived any question pertaining to the sufficiency of the evidence to support her conviction for DWI.

Affirmed.

ABRAMSON and VAUGHT, JJ., agree.

*Kearney Law Offices*, by: *Julius Donald Kearney, Sr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.