

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-13-948

| | |
|---|---|
| | **Opinion Delivered** MAY 14, 2014 |
| WALLACE E. HUDSON, JR. | APPEAL FROM THE WHITE |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. CR-13-115] |
| V. | |
| | HONORABLE ROBERT EDWARDS, |
| | JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## DAVID M. GLOVER, Judge

On May 4, 2012, appellant Wallace Hudson was stopped, arrested, and charged with failure to maintain liability insurance (later amended to failure to provide proof of insurance), driving left of center, and driving while intoxicated. Hudson was found guilty in district court of all three offenses. He appealed to circuit court, where he was again convicted of all three offenses in a bench trial. On appeal, Hudson argues that there was insufficient evidence to support the circuit court's finding that he was intoxicated based his admission that he had taken his prescription medication (oxycodone) thirty minutes prior to being stopped. However, this issue is not preserved for appellate review.

In a bench trial, a motion for dismissal shall be made at the close of all evidence and shall state the specific grounds for dismissal. Arkansas Rule of Criminal Procedure 33.1(b) (2013). A defendant's failure to challenge the sufficiency of the evidence at the time and in

the manner specified in Rule 33.1(b) constitutes a waiver of any question pertaining to the sufficiency of the evidence to support the judgment. Arkansas Rule of Criminal Procedure 33.1(c). Rule 33.1 is strictly construed. *McClina v. State*, 354 Ark. 384, 123 S.W.3d 883 (2003).

Here, though Hudson's counsel and the prosecuting attorney both made closing arguments to the circuit court, Hudson's counsel never moved for a dismissal of the charges. Our supreme court has held that a challenge to the sufficiency of the evidence made during a closing argument, instead of at the close of the evidence, does not preserve a sufficiency argument for appellate review. *Id.* Because there was no motion to dismiss, Hudson has waived any argument pertaining to the sufficiency of the evidence to support his conviction for driving while intoxicated.

Affirmed.

GLADWIN, C.J., and HIXSON, J., agree.

*Lightle, Raney, Streit & Streit, LLP*, by: *Jonathan R. Streit*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., and *Richmond Giles*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Arkansas Supreme Court under the supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.