SLIP OPINION

Cite as 2014 Ark. App. 696

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–14–228

| | |
|---|---|
| LESTER LEE HENDRIX<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** December 10, 2014<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23CR–2012–938]<br><br>HONORABLE MICHAEL A. MAGGIO, JUDGE<br><br>AFFIRMED |

**ROBERT J. GLADWIN, Chief Judge**

On November 22, 2013, in the Faulkner County Circuit Court, Lester Hendrix was convicted of internet stalking of a child, a violation of Arkansas Code Annotated section 5-27-306 (Supp. 2013), and sentenced to ten years' imprisonment. On appeal, he argues that the State failed to prove an essential element of the crime. However, the State contends that appellant failed to preserve the issue for appellate review. We agree that the issue is not preserved and affirm appellant's conviction.

A felony information was filed on September 7, 2012, alleging that appellant had stalked a child on the internet. At the bench trial, Shannon Cook, an investigator with the Faulkner County Sheriff's Office, testified that she investigates cases where people are trying to sexually exploit children in some way. She said that she met appellant on a website called Fetlife, which is a free social networking site for people who are interested in fetishes. She

had set up a profile on Fetlife using an undercover email address, calling herself "playful mom."

She testified that appellant sent her a friend request, calling himself "daddy for young." From their meeting on Fetlife, they moved on to communicate through Yahoo messenger and Yahoo email. During their communications, Cook led appellant to believe that she was a thirty-year-old mother of two children, ages ten and eight, and that she had incestuous relationships with her children. She testified that appellant sought a meeting with her and the children, and she testified that he described explicitly the sexual acts he intended to carry out with her and the children. She said that appellant was given chances to "step back" from their conversations on the internet, but he did not. Instead, they set up a meeting at McDonald's on Highway 65 in Conway, Arkansas, where he arrived driving a 2002 silver Buick as described in the emails. Appellant and Cook went inside the restaurant, and appellant was arrested.

Jason Keeler testified that he is also an investigator with the Faulkner County Sheriff's Office, and he assisted in the investigations and computer forensics. He interviewed appellant subsequent to the arrest. He also contacted the Fulton County Sheriff's Office, because appellant resided in Viola, Arkansas, and a search warrant was executed on appellant's residence there.

Stephen Barker testified that he worked for the Russellville Police Department and conducted a forensic examination of the computer recovered from appellant's residence. He confirmed appellant's presence on the website Fetlife by recovering deleted messages posted

on the website.

When the State rested its case, appellant moved for a dismissal, arguing as follows:

The State charged my client with the crime of internet stalking of a child under specific provisions of Arkansas Code 5-27-306. I think the court probably has a copy of that charging document. The State has failed to meet its burden of proof of establishing that he has in fact violated that specific penal statute. We move for an acquittal.

After the State responded, the circuit court denied the motion. The defense then rested its case, and the dismissal motion was renewed without further specification and denied. After the State's closing argument, appellant's counsel gave his closing argument, contending that appellant was not guilty of the charge. He then specifically explained that appellant did not violate the statute because he did not communicate with a person that he believed to be fifteen years of age or younger, as is required by the statute. The State argued that appellant's asking Cook to talk to her daughter to determine if she were okay with his "touching her and other things" was a communication that met the element under the statute.

The circuit court found appellant guilty and sentenced him to ten years' imprisonment in the Arkansas Department of Correction. Appellant filed a timely notice of appeal, and this appeal followed.

Arkansas Rule of Criminal Procedure 33.1 (2014) provides in pertinent part as follows:

(b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.

(c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or

3

Cite as 2014 Ark. App. 696

judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

Ark. R. Crim. P. 33.1(b) & (c). Rule 33.1 is strictly construed. *Etoch v. State*, 343 Ark. 361, 365, 37 S.W.3d 186, 189 (2001) (citing *Thomas v. State*, 315 Ark. 504, 868 S.W.2d 483 (1994)).

Arkansas Code Annotated section 5-27-306 provides that a person commits the offense of internet stalking of a child if the person, being twenty-one years of age or older, knowingly uses a computer online service, internet service, or local internet bulletin board service to seduce, solicit, lure, or entice a child fifteen years of age or younger, or who the person believes to be fifteen years of age or younger, in an effort to arrange a meeting with the child for the purpose of engaging in sexual intercourse, sexually explicit conduct, or deviate sexual activity. Ark. Code Ann. § 5-27-306(a)(1) & (2). Appellant argues that the State did not prove every element of the offense charged. He contends that the State's evidence was that appellant had arranged to meet the internet persona "Brooke" and her children and have sexual contact with them. Appellant claims that communication with "Brooke" alone and never with one of the "children" does not suffice to meet the elements of the statute.

The State claims that the issue is not preserved for appellate review because appellant did not specifically address the elements claimed missing from the State's case when he made and renewed the motion for dismissal. The State cites *McClina v. State*, 354 Ark. 384, 123

4

S.W.3d 883 (2003), where our supreme court refused to consider an appellant's closing argument as a dismissal motion in a bench trial. Also, citing *Grube v. State*, 2010 Ark. 171, 368 S.W.3d 58, the State contends that a challenge to the sufficiency of the evidence must be preserved in a dismissal motion rather than a closing argument. Finally, in *Hudson v. State*, 2014 Ark. App. 305, the State points to this court's refusal to treat Hudson's closing argument as a motion to dismiss where he failed to move for dismissal.

In reply, appellant contends that the reason that Rule 33.1 requires precision in specifying the missing elements in a motion to dismiss is to allow the trial court to reopen the State's case so it can meet the identified deficiency. *McClina*, *supra*. Based on this reasoning, appellant argues, the merits issue is preserved here. He contends that when the argument was made with specificity during closing, the State did not argue that it was deprived of any opportunity to cure the deficiency. Rather, he asserts that the State's position was that no direct communication with a child was needed.

Appellant's argument is that the State was remiss in not complaining at the time of his closing argument that the State's case should be reopened to meet an essential element of the charged offense. However, the Rule states that it is appellant's duty to strictly comply, offering the motion to dismiss in a time and manner so that the State might have the opportunity to reopen its case if the circuit court deems it necessary. When appellant failed to comply with Rule 33.1 by arguing his case with no specificity at the time the dismissal motion was made, the circuit court was not given the opportunity to rule on that issue. A dismissal argument made in a closing argument does not preserve the issue of sufficiency, even

in a bench trial. *See McClina, supra*; *Hudson, supra*.

Appellant distinguishes *McClina* from the instant case, as there was no dismissal motion made before closing arguments in *McClina*. However, the dismissal motion made here did not comply with the specificity requirements of Rule 33.1; thus, construing the rule strictly, the issue is not preserved for appellate review.

Affirmed.

WALMSLEY and VAUGHT, JJ., agree.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.