

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-14-590

|  |  |
|---|---|
|  | **Opinion Delivered** February 4, 2015 |
| LAWRENCE McCRAY<br><br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION<br>[NO. CR-2013-2668] |
| V. | |
|  | HONORABLE HERBERT WRIGHT, JUDGE |
| STATE OF ARKANSAS<br><br>APPELLEE | AFFIRMED |

**ROBERT J. GLADWIN, Chief Judge**

Lawrence McCray was convicted of aggravated robbery, attempted rape, and theft of property in the Pulaski County Circuit Court on April 9, 2014. On appeal, he argues that there was insufficient evidence to convict on each count.[1] We affirm because the issues were not preserved for appellate review.

Appellant was charged on August 21, 2013, by felony information alleging that he had committed aggravated robbery, attempted rape, and theft of property on June 26, 2013, by using a firearm while robbing an Exxon store in Little Rock, Arkansas. Appellant waived his right to a trial by jury, and a bench trial was held on March 20, 2014.

---

[1]Appellant was charged with a firearm enhancement, but he was not convicted of such. Thus, his argument on appeal related to any firearm enhancement is not addressed.

SLIP OPINION

At trial, D.A. testified that she was working as a clerk at Exxon on June 26, 2013, on the 10:00 p.m. until 6:00 a.m. shift. There was no security guard at the store, but there were security cameras. Her work space behind the register was separated by plexiglass from the lobby area designated for customers. Money was passed through a slot in the plexiglass to the clerk. D.A. said that she had to enter the lobby area from the outside, as the register area was accessed through a side door.

D.A. explained that she went into the lobby around 3:00 a.m. in order to clean it. She said that a customer came in, and she went back behind the register. When the customer left, she went back out to the lobby because she had left her cleaning supplies there. Another customer, whom she identified as appellant, came in and asked if the store carried a certain type of cigarillo. She told him that they did not and that he should have known that because he "came in all the time."

She said that she waited for the lot to clear and stepped in to grab her glass cleaner when appellant rushed back in through the door to the lobby. She recognized him as a regular customer who came to the business three-to-four times a day, and she had often seen him. She said that, when he rushed in, he had a gun in his hand and pointed it at her. He asked for money, and she told him that she had to go back behind the register to get it. He walked her out the door, and they had to go back in through the other door to get to the register. She unlocked the register, and he grabbed the money. He then asked her to get on the ground, and she sat in the doorway between the register and the office. He approached and stood in front of her. He pulled his pants down and asked her for oral sex,

SLIP OPINION

but she refused. He threatened to shoot her, and she told him that her assistant manager was going to be back any minute. Appellant then struck her across the left side of her face with the gun, grabbed two cartons of Newport cigarettes, and ran out the door. D.A. called the police and pressed the silent alarm. She told the operator that she needed the police and an ambulance. She said that she had a cut above her left eye and had swelling from her cheek down to her jaw.

She later identified appellant from a photo spread, and she identified him in the courtroom. She also said that since this had happened, she had seen appellant on three occasions in a different Exxon store in Little Rock where she now works.

Officer Nikie Persons testified that he was dispatched on June 26, 2013, to the Exxon store around 7:40 a.m., and he had been told by the dispatcher that a robbery suspect had returned to the scene from an earlier robbery on that same day, got gas, and left the gas station. He obtained information from the two employees, who described the robber, his car, and the license-plate number. They also told Officer Persons that there had been video surveillance of the robbery. From the vehicle description and license plate obtained from the employees, Officer Persons obtained appellant's address. Appellant was arrested at his home after he had been identified from a photo array. Officer Persons said that appellant appeared groggy and to be possibly under the influence of something at the time of his arrest. No money, cigarettes, or clothes from the robbery were found at appellant's residence.

Detective Van Thomas testified that he was dispatched to the Exxon at the time the robbery occurred. He observed D.A.'s injuries and saw that she was very emotional. He was

3

not able to download the video from the security footage, but took pictures of the computer screen depicting the robbery. He testified that later that morning, employees from Exxon called stating that the same individual they believed they saw on the computer screen had just come into the store to purchase gas. As they were calling 911, they obtained the license-plate number of the vehicle. Detective Thomas said that he ran the license-plate number through different police database systems and located appellant's name and address. He then created a photo spread for the victim, who positively identified appellant.

At the end of the State's evidence, appellant moved for directed verdicts on each count, arguing separately that there was nothing found at the residence that would associate him with the robbery; that the State did not prove that a substantial step was taken to commit rape; and that there was no testimony that the cigarettes were taken from the premises. The trial court denied appellant's motions.

Detective Thomas, testifying for the defense, stated that neither appellant's fingerprints nor DNA were found at the scene. Appellant testified that he was at home asleep around 3:30 a.m. on June 26, 2013. His mother, his brother, and his child were home with him. He denied committing the robbery and claimed that he did not visit the Exxon more than once a day. He denied that the pictures were of him, explaining that his gut was bigger than that of the man's in the picture, that he has less of a beard, and that the man in the picture had no sideburns on his right side as opposed to the sideburns on his own face.

Vera McCray testified that she is appellant's mother, that appellant is thirty-six years old, and that he had lived with her since he was born. She said that she slept in the living

4

SLIP OPINION

room on the night in question. She said that she had gone to the bathroom around 3:30 a.m., and she did not remember her son going out the door that morning. She did not hear anyone go out of the house that night at any point. She explained that she would have heard them because the house was 1250 square feet, with an open living room, kitchen, and dining area, all in close proximity to the front and back doors. She claimed that she saw appellant in his bed when she went to the bathroom at 3:30 a.m.

At the close of appellant's evidence, the court stated, "Argument?" The State then proceeded to rehash the evidence of the victim's testimony, noting the video-surveillance pictures, the identification of appellant from those pictures, and the victim's positive identification of appellant through the photo spread. The State argued that appellant did not keep the outfit he was wearing while robbing the store, especially the ball cap. The State stressed that the victim testified that appellant came to the new Exxon after he had been arrested, which is contrary to appellant's testimony.

Appellant then argued that the State had not met its burden of proof, as there was no evidence of anything found in appellant's residence relating to the robbery. Appellant argued that his testimony, together with his mother's, shows that the victim mistakenly identified him. Appellant asked for an acquittal.

The trial court stated that it found the victim's testimony to be credible, and appellant was found guilty on all counts. Appellant was sentenced to ten years' imprisonment in the Arkansas Department of Correction. A notice of appeal was timely filed, and this appeal followed.



Arkansas Rule of Criminal Procedure 33.1 provides in pertinent part as follows:

> (b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. *If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.*
>
> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

Ark. R. Crim. P. 33.1(b) & (c) (2014) (emphasis added). Rule 33.1 is strictly construed. *Etoch v. State*, 343 Ark. 361, 365, 37 S.W.3d 186, 189 (2001) (citing *Thomas v. State*, 315 Ark. 504, 868 S.W.2d 483 (1994)). We recently held that a dismissal argument made in a closing argument does not preserve the issue of sufficiency, even in a bench trial. *Hendrix v. State*, 2014 Ark. App. 696, at 6, ___ S.W.3d ___, ___.

Appellant contends that, when viewed in the light most favorable to the State, the strongest testimony against him was provded by the victim. Despite the victim's testimony that appellant had robbed her place of employment with a gun and had attempted to sexually assault her, appellant argues that there was no medical evidence or strong physical evidence to corroborate her testimony. Therefore, appellant claims that the conviction was based on speculation and conjecture.

6

The State contends that appellant's arguments are not preserved because he failed to challenge the sufficiency of the evidence in compliance with Arkansas Rule of Criminal Procedure 33.1(b). We agree and hold that the issue is not preserved. Instead of renewing his directed-verdict motion at the close of his case, appellant made a closing argument after the State made its closing argument. "A dismissal argument made in a closing argument does not preserve the issue of sufficiency, even in a bench trial." *Hendrix*, 2014 Ark. App. 696, at 6, ___ S.W.3d at ___. Accordingly, we affirm.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*Lott Rolfe, IV*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.