SLIP OPINION

Cite as 2015 Ark. App. 193

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-14-759

| | | |
|---|---|---|
| ADAM F. DOTY | | **Opinion Delivered** March 18, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. CR–2013-419] |
| STATE OF ARKANSAS | | HONORABLE ROBERT EDWARDS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## RITA W. GRUBER, Judge

Adam F. Doty appeals his conviction on one charge of first-degree battery in a bench trial before the Circuit Court of White County. Doty does not dispute that he hit Justin Yandell in the back of the head with a shotgun and then shot him in the knee with a 9mm pistol on Labor Day afternoon, September 1, 2013. His sole point on appeal is that the State failed to negate his claim of justification. We agree with the State that this issue is not preserved for appellate review.

The State presented the testimony of Yandell, Yandell's brother and father, and the primary investigating officer;[1] played a series of 911 calls about the shooting; and rested its case. Doty moved for a "directed verdict," making the following argument:

---

[1]This testimony indicated that Yandell and his brother went to their fence line to investigate the sound of gunfire and pellets hitting their barn—Yandell first grabbing a pistol and tucking it in the waistband of his shorts—and encountered Doty and his family members, who had various guns and said they were dove hunting.

SLIP OPINION

> [T]he State failed to prove to prove a prima facie case, Judge, the charge of battery in the second [sic] degree. There's only one element of the offense, . . . and that requires unlawfully causing physical injury by use of a firearm. We—we contend, Judge, that the unlawful portion of this statute, the element of unlawfulness is offset by the Defendant defending himself with a reasonable belief that the victim was about to use physical force and unlawful physical force on him or his father and that gave us justification for the use of the physical force in the events.

The State responded that it had met its burden of proof on every element of the charge of battery in the first degree. The circuit court ruled, "The motion for directed verdict or dismissal will be denied. The court believes the State has met the burden of proof required at this point in the proceeding with respect to all elements of the charge . . . ."

The trial proceeded to the case for the defense, which consisted of testimony by Doty's father and brother-in-law and Doty about events that led to the shooting. The State informed the court that it had no rebuttal testimony. The court recalled Doty's brother-in-law to the stand; after his testimony, the court asked for final arguments. The State argued that this was not a case of self defense, and Doty argued that the case was about justification.

A motion to dismiss at a bench trial, like a motion for directed verdict at a jury trial, is considered a challenge to the sufficiency of the evidence. *Vance v. State*, 2011 Ark. App. 413. Arkansas Rule of Criminal Procedure 33.1 (2014) provides as follows:

> (b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.
>
> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely

stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

Doty does not deny that he failed to renew his motion for directed verdict in a separate motion at the close of all the evidence. He asserts that it would be form over substance to rule that a request for dismissal in closing argument at a bench trial is not "one and the same" as a motion for a directed verdict. We have recently ruled, however, that a dismissal argument made in a closing argument does not preserve the issue of sufficiency, even in a bench trial. *Hendrix v. State*, 2014 Ark. App. 696, 450 S.W.3d 692.

Rule 33.1 is to be strictly construed. *Hendrix*, 2014 Ark. App. 696, at 4, 450 S.W.3d at 694 (citing *Etoch v. State*, 343 Ark. 361, 365, 37 S.W.3d 186, 189 (2001)); *see also McClina v. State*, 354 Ark. 384, 123 S.W.3d 883 (2003) (refusing to consider the appellant's closing argument as a dismissal motion in a bench trial where no motion for dismissal was made). Here, at the conclusion of the evidence, Doty failed to renew his dismissal motion challenging the sufficiency of the State's evidence to negate his defense of justification, and his justification argument made in his closing argument cannot preserve his challenge to the sufficiency of the evidence.

Affirmed.

WHITEAKER and BROWN, JJ., agree.

*D. Paul Petty*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.

SLIP OPINION