SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-956

| | | |
|---|---|---|
| B.J. | **APPELLANT** | **Opinion Delivered** May 13, 2015 |
| V. | | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10JV-14-50] |
| STATE OF ARKANSAS | **APPELLEE** | HONORABLE ROBERT McCALLUM, JUDGE |
| | | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

On May 22, 2014, the State of Arkansas filed a delinquency petition seeking to adjudicate B.J. a juvenile delinquent for committing the offense of rape, a Class Y felony, in violation of Arkansas Code Annotated section 5-14-103. In the petition, the State alleged that B.J. engaged in sexual intercourse or deviate sexual behavior with another person who was less than fourteen years old. After a bench trial on August 29, 2014, the Clark County Circuit Court adjudicated B.J. delinquent. He was sentenced to two years of supervised probation and ordered to complete a psychosexual assessment. He was also ordered to have no contact with the victim, to have no contact with children younger than him without adult supervision, and to attend school. The circuit court also indicated that, after a treatment-center assessment was performed, other supplemental orders might be entered.

On appeal, B.J. raises two issues. First, he argues that the trial court erred in finding

sufficient evidence of deviate sexual activity for the offense of rape. Second, he maintains that the trial court erred in admitting into evidence statements made by Marie James through the testimony of Jamie Kuykendall. We disagree, and accordingly, we affirm.

On April 30, 2014, B.J., who was ten years old at the time, and his mother, Marie James, went next door to Jamie Kuykendall's house. Jamie's five-year-old son, D.K., was also at the house. Marie and Jamie watched TV in Jamie's bedroom together until about 8:15 p.m. Both B.J. and D.K. were playing in the living room. Jamie testified that Marie went to look in on the boys, saw B.J.'s pants down, and yelled at him to pull them up. Jamie also testified that D.K. told her that he was "poked from behind." The medical report from Arkansas Children's Hospital that was completed after an examination of D.K. showed no physical signs of sexual abuse.

Lieutenant Blake Zaffadil of the Caddo Valley Police Department testified that B.J. told him that D.K. had made up the game called humping, and that D.K. asked him to play it with him. Aaron Triplett, a forensic interviewer at Cooper Anthony Mercy Child Advocacy Center in Hot Springs, testified that he interviewed B.J. on May 6, 2014. The taped interview was admitted into evidence and played in court. The State then rested its case, and B.J.'s counsel moved for a directed verdict arguing that the prosecution had failed to establish a prima facie case of rape—specifically that there had been insufficient evidence presented to the court with respect to penetration and that there was no evidence presented to establish that any act of sexual gratification had occurred. The court denied the motion.

The defense's first and only witness was Marie James. Marie testified that while she and Jamie were watching CSI on television, she did not know how late it had gotten. When the show was almost over, she realized it was about 8:15 or 8:20 p.m. She knew the boys were playing in the other room, but they were quiet. She went to see where they were, and B.J. popped up from behind the couch and said he needed to go to the bathroom. Marie testified that B.J.'s pants were not pulled down, but they were unfastened and that D.K. had his shirt off, but his pants were pulled up and fastened. Marie testified that B.J. told her that D.K. made up a game called the hump game. The defense also introduced a report from the State Crime Lab that showed no semen or blood was found on D.K.

At the conclusion of Marie's testimony, the defense rested and closing arguments began. The defense did not renew its motion for a directed verdict. In his closing arguments, B.J.'s counsel made a dismissal argument on virtually all of the same points as he had in his original motion for a directed verdict.

B.J.'s first argument on appeal is that the trial court erred in finding sufficient evidence of deviate sexual activity for the offense of rape. This argument is not preserved for this court's review. While B.J.'s motion for a directed verdict was specific, he failed to renew it at the close of all the evidence, as required by Rule 33.1 of the Arkansas Rules of Criminal Procedure. Our appellate courts have held on numerous occasions that Rule 33.1 is to be strictly construed. *See Etoch v. State*, 343 Ark. 361, 37 S.W.3d 186 (2001); *Hendrix v. State*, 2014 Ark. App. 696, 450 S.W.3d 692.

SLIP OPINION

As Rule 33.1 states:
(a) In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor.
(b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.

(c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment.

Ark. R. Crim. P. 33.1.

In the instant case, the appellant failed to renew the motion for a directed verdict at the close of all of the evidence. Therefore, this argument is waived for appellate review. The appellant gives no explanation or argument for this failure. We have recently held that a dismissal argument made in a closing argument does not preserve the issue of sufficiency, even in a bench trial. *See Doty v. State*, 2015 Ark. App. 193. However, this is not a new concept; in 2003, our supreme court refused to consider the appellant's closing argument as a dismissal motion in a bench trial when no motion for dismissal was made. *See McClina v. State*, 354 Ark. 384, 123 S.W.3d 883 (2003). Here, at the conclusion of the evidence, B.J. failed to renew his motion; consequently, we cannot address his sufficiency-of-the-evidence challenge now.

B.J.'s second argument on appeal is that the trial court erred in allowing the State to introduce a statement made by Marie James through the testimony of Jamie Kuykendall. B.J. argues that it was hearsay and that it should not have been admitted under the excited-

utterance exception. Rulings on the admissibility of evidence are matters within the trial court's wide discretion, and this court will not reverse such rulings absent an abuse of such discretion. *Utley v. State*, 308 Ark. 622, 82 S.W.2d 268 (1992). Nor will we reverse without a showing of prejudice. *Eubanks v. State*, 2009 Ark. 170, 303 S.W.3d 450.

Hearsay is generally inadmissible under Arkansas Rule of Evidence 802. An exception to the hearsay rule is excited utterance, i.e., a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. Ark. R. Evid. 803. Here, it is not clear that the trial court overruled the defense's hearsay objection based on the excited-utterance exception. While the State responded to the objection with that specific exception, the trial court did not expressly rule that the statements qualified under it.

However, even if the testimony was not proper under Arkansas Rule of Evidence 801(c) and did not qualify as a Rule 803 hearsay exception, we need not decide whether the statements were hearsay, as any error in its admission was harmless. The availability of a declarant for cross-examination renders harmless any error caused by the admission of hearsay. *Martin v. State*, 2013 Ark. App. 110, 426 S.W.3d 515. Here, Marie James testified on behalf of the defense, and she was cross-examined by the State regarding the very statements she made to which Jamie Kuykendall testified. Accordingly, the decision of the trial court is affirmed.

Affirmed.

GLADWIN, C.J., and HARRISON, J., agree.

*Brandon Crawford*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.