

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-16-91

| | | |
|---|---|---|
| S.A.T. | | **Opinion Delivered:** October 5, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAWFORD |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 17JV-12-9] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE MICHAEL MEDLOCK, |
| | | JUDGE |
| | | |
| | | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's true criminal contempt finding for which he was committed to the Division of Youth Services (DYS) for an indeterminate period of time. His sole argument on appeal is that there was insufficient evidence that he willfully committed criminal contempt. We affirm.

Appellee filed a family in need of services (FINS) petition in case number 17JV-12-9 on January 19, 2012, alleging that appellant was "habitually disobedient to the reasonable commands of school staff." Following a hearing on February 15, 2012, in which appellant entered a plea of true, the circuit court entered an order on February 21, 2012, adjudicating appellant to be a FINS member. Accordingly, appellant was placed on formal supervision for a period of twelve months during which he was subjected to certain orders of the circuit court including, in pertinent part, cooperation with the circuit court's orders, the terms and conditions of formal supervision, and the Crawford County juvenile probation officer;

mandatory school attendance with no unexcused absences, disciplinary problems, or tardies; obedience to the lawful commands of his mother; and not leaving home without parental knowledge and permission.

An agreed order was entered on April 20, 2012, following a March 22, 2012 hearing, in which the circuit court found that appellant continued to be a FINS member. He was ordered therein to successfully complete inpatient, residential treatment. He was ordered to comply with all rules and regulations set by said facility during his treatment period and to follow all after-care recommendations made by the facility upon his discharge.

An order was entered on November 6, 2012, finding that appellant continued to be a FINS member. All previous orders remained in effect.

Appellee filed a petition in case number 17JV-13-182 on November 7, 2013, seeking an adjudication of delinquency for appellant on charges of terroristic threatening in the first degree, a Class D felony; terroristic threatening in the second degree, a Class A misdemeanor; disorderly conduct, a Class C misdemeanor; and harassment, a Class A misdemeanor.

Following a hearing in case number 17JV-13-182 on March 12, 2014, the circuit court entered an order on the same date adjudging appellant delinquent on all four charges specified in appellee's November 7, 2013 petition. He was placed on twenty-four months' probation and committed to the Division of Youth Services (DYS).

Following a hearing in case number 17JV-12-9, also on March 12, 2014, during which appellant entered a plea of true to criminal contempt of court, the circuit court

entered an order on the same date finding appellant in criminal contempt of court and committing him to the DYS.

Appellant was released from the DYS on September 30, 2015, with an after-care commitment length of 120 days.[1] He was released pursuant to a number of goals and responsibilities.

On November 13, 2015, appellee filed a petition in a new case—case number 17JV-15-266—seeking an adjudication of delinquency for appellant on charges of disorderly conduct, a Class C misdemeanor; and two counts of assault in the third degree, also Class C misdemeanors.

Also on November 13, 2015, appellee filed separate petitions in case numbers 17JV-12-9 and 17JV-13-182 alleging that appellant had violated the following terms and conditions of his formal supervision:

> 2. The Juvenile will not violate any Federal, State or Local Laws, including traffic laws. The Juvenile will immediately notify his Probation Officer if arrested for any offense.
>
> 3. The Juvenile will attend school regularly, unless legally excused, and cooperate fully with teachers and school officials. If legally excused from school attendance, the Juvenile will be expected to be involved in an approved alternative program. The Juvenile will immediately notify his Probation Officer if absent, expelled or suspended from school.
>
> 4. The Juvenile will not conduct himself in such a manner that would lead to him being defined as being beyond the control of his parent(s) or guardian(s)/ custodian(s), school authorities or Probation Officer.
>
> 11. The Juvenile is expected to cooperate fully with any outside agency to whom he may be referred by his Probation Officer.

---

[1] The circuit court had entered orders in case number 17JV-13-182 on April 30, 2015, and October 1, 2015, continuing appellant's probation and its previous orders.

Appellee listed appellant's juvenile citation for disorderly conduct and two counts of assault in the third degree in case number 17JV-15-266 as the factual basis for the petitions. Accordingly, appellee sought a charge of criminal contempt of court in case number 17JV-12-9 and probation revocation in 17JV-13-182.

Following a hearing on the same date, the circuit court entered three separate orders on November 18, 2015. In case number 17JV-15-266, it adjudged appellant delinquent on all three charges asserted in the petition despite appellant's plea of not true. In case number 17JV-13-182, appellant was adjudged delinquent by virtue of probation revocation due to its finding of true on the four charges listed in appellee's petition despite appellant's plea of not true. In case number 17JV-12-9, appellant was found to be in criminal contempt of court despite his plea of not true. Under all three cases, appellant's probation was extended until his eighteenth birthday and he was committed to the DYS for an indeterminate period of time. This timely appeal followed.

On appeal, appellant argues that there was insufficient evidence that he willfully committed contempt. We do not reach the merits of appellant's argument.

Arkansas Rule of Criminal Procedure 33.1 provides:

(b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.

(c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment.[2]

---

[2] *Etoch v. State*, 343 Ark. 361, 364, 37 S.W.3d 186, 189 (2001) (citing Ark. R. Civ. P. 33.1 (b) & (c)).

Rule 33.1 is strictly construed.[3] Below appellant made the following motion to dismiss at

the close of State's evidence:

> We are going to move on the charges of disorderly conduct and assault. He was not
> there voluntarily. He did not act purposely or recklessly, he was placed in a situation
> he did not want to be in. He told the officer he did not want to go to the restaurant.
> He left the scene after an altercation. Neither Ms. [Way] nor Dale were in fear of
> their safety, but [sic] their own testimony. It does not rise to the level of assault in
> the third degree. We move to dismiss as the State has not met its burden.

The motion was denied, after which appellant was the sole witness for his case. Following

his testimony, appellant rested. He then went directly into his closing argument where he

stated, among other things, that "[appellant] did not act purposefully or recklessly in going

[to his mother's residence] and creating this situation. He was in custody and forced into

this situation by the law enforcement and juvenile office." He did not renew his motion to

dismiss prior to making his closing arguments.

Rule 33.1 states that it is appellant's duty to strictly comply, offering the motion to

dismiss in a time and manner so that the State might have the opportunity to reopen its case

if the circuit court deems it necessary.[4] A dismissal argument made in a closing argument

does not preserve the issue of sufficiency, even in a bench trial.[5] Because appellant failed to

renew his motion to dismiss at the close of his own case—the close of all evidence—he

---

[3] *Id.* at 365, 37 S.W.3d at 189 (citing *Thomas v. State*, 315 Ark. 504, 507, 868 S.W.2d 483 (1994)).

[4] *Hendrix v. State*, 2014 Ark. App. 696, at 5, 450 S.W.3d 692, 695.

[5] *Id.* at 5–6, 450 S.W.3d at 695 (citing *McClina v. State*, 354 Ark. 384, 123 S.W.3d 883 (2003); *Hudson v. State*, 2014 Ark. App. 305).

waived his sufficiency argument. The sufficiency argument he now presents was not preserved.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.