Cite as 2020 Ark. App. 33

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–19–434

| | |
|---|---|
| KEITH DEMETRIUS MCBRIDE<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** January 22, 2020<br><br>APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT [NO. 14CR-18-138]<br><br>HONORABLE DAVID W. TALLEY, JR., JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Keith Demetrius McBride appeals his conviction of first-degree murder from the Columbia County Circuit Court. On appeal, McBride argues that the evidence is insufficient to support his conviction. We affirm.

On June 18, 2018, the State charged McBride with first-degree murder, possession of firearms by certain persons, fleeing, and habitual offender. On January 22, 2019, the State amended the charges to include the sentencing enhancement for felony with a firearm and to drop the fleeing charge.

The case proceeded to a bench trial on January 23. At trial, the State presented evidence that on May 11, 2018, McBride shot his girlfriend, Jenika Rankin, in their home and then left the scene. After the State rested its case, McBride's counsel informed the court that he would not move for dismissal of the charges.

Thereafter, McBride admitted having fired the gun that killed Rankin, but he testified that he was paranoid due to consuming methamphetamine that day and that he believed Rankin was an intruder. The court found McBride guilty of first-degree murder and felon in possession of a firearm and sentenced him to a total of eighty-seven years' imprisonment. This appeal followed.

On appeal, McBride argues that the State presented insufficient evidence that he intended to kill Rankin. We cannot reach the merits of McBride's argument because he did not preserve it for our review. A motion to dismiss at a bench trial, like a motion for directed verdict at a jury trial, is considered a challenge to the sufficiency of the evidence. *Vance v. State*, 2011 Ark. App. 413. Failure to comply with the time and manner requirements of Arkansas Rule of Criminal Procedure 33.1(b) will constitute a waiver of any question pertaining to the sufficieny of the evidence. Ark. R. Crim. P. 33.1(c). Specifically, Rule 33.1 provides in relevant part as follows:

> (b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.

> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment.

Our appellate courts have held on numerous occasions that Rule 33.1 is to be strictly construed. *Hendrix v. State*, 2014 Ark. App. 696, 450 S.W.3d 692. Here, McBride did not move for dismissal. Thus, his argument is not preserved for our review.

Affirmed.

GRUBER, C.J., and MURPHY, J., agree.

*David M. Littlejohn*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.