J.R. *v.* STATE of Arkansas

CA 00-885                                                40 S.W.3d 342

Court of Appeals of Arkansas
Division IV
Opinion delivered April 4, 2001

*Robert D. Klock*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant J.R. was adjudicated a delinquent after the trial court found that he committed possession of a controlled substance (methamphetamine) with intent to deliver. At the time of the alleged offense, he was fifteen years old. For his sole argument on appeal, J.R. argues that the trial court's decision was not supported by substantial evidence. We find no error and affirm.

In reviewing a juvenile-delinquency case, we look at the record in the light most favorable to the State to determine whether there is substantial evidence to support the conviction. *K.M. v. State*, 335 Ark. 85, 983 S.W.2d 93 (1998). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without mere speculation or conjecture. *Sublett v. State*, 337 Ark. 374, 989 S.W.2d 910 (1999).

Officer Ronnie Boyd testified on behalf of the State. He stated that he was patrolling on the evening of January 5, 2000, when he saw a pickup truck run a red light. Officer Boyd stopped the truck and found that J.R. was driving but could not produce a driver's license. Officer Boyd asked J.R. to exit the vehicle. J.R. complied and identified himself.

Officer Boyd observed an adult passenger, Lamberto Gonzales, sitting in the passenger's seat of the truck. When he opened the door to speak with Mr. Gonzales, Mr. Gonzales made a quick turn toward the middle of the seat. Officer Boyd then removed him from the truck, and Mr. Gonzales continued to act suspiciously by turning away from the officer as if to shield something from him. Soon thereafter, Officer Kenny Fitch arrived with a drug dog. The dog indicated that there were controlled substances in the vehicle, and after a search Officer Fitch advised Officer Boyd that he found a

quantity of suspected methamphetamine. According to Officer Boyd, he then placed J.R. under arrest, but before notifying him of the reason for the arrest or that they had found suspected drugs, J.R. stated that "the stuff in the vehicle was not his." Mr. Gonzales was also arrested, and during a search of his person the police found marijuana.

Officer Fitch testified that, during his search of the truck, he found a rock in a plastic baggie that was later determined to weigh 12.266 grams and contain methamphetamine. The rock was underneath a shirt or a towel and was found on the floorboard. Officer Fitch stated that its location on the floorboard was where the driver's right foot would be if it were not on the gas pedal, that it was accessible to the driver, and that "the passenger would have to have scooted over to reach it."

J.R. testified on his own behalf, and he stated that he knew Mr. Gonzales had marijuana on his person at the time he was stopped by Officer Boyd. However, J.R. denied having any knowledge of the methamphetamine. He testified that, when he told Officer Boyd that the stuff in the vehicle was not his, he was talking about the marijuana.

For reversal, J.R. argues that substantial evidence did not support the trial court's finding that he possessed the methamphetamine. He notes that it was the behavior of Mr. Gonzales that made Officer Boyd suspicious, in that Mr. Gonzales appeared to be concealing something during the stop. J.R. further points out that, as Officer Boyd's testimony indicated, he did not exhibit suspicious behavior and was cooperative. Although J.R. informed Officer Boyd that the "stuff in the car" was not his, he explained in his testimony that he was referring to the marijuana and was not aware that there was methamphetamine in the truck. Under these circumstances, J.R. submits that it was more likely that Mr. Gonzales possessed the methamphetamine, and thus urges us to reverse his delinquency adjudication.

██ The State argues that J.R.'s challenge to the sufficiency of the evidence is not preserved for review because he failed to move for dismissal at the close of the evidence pursuant to Ark. R. Crim. P. 33.1(b). We agree. Rule 33.1(b) provides:

> In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for

> dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.

Pursuant to Rule 33.1(c), a defendant's failure to make a timely motion for dismissal constitutes a waiver of any question pertaining to the sufficiency of the evidence. The rules of criminal procedure are applicable in juvenile–delinquency proceedings. Ark. Code Ann. § 9-27-325 (Repl. 1998); *Trammell v. State*, 70 Ark. App. 210, 16 S.W.3d 564 (2000).

■ In the instant case, J.R. did not move for dismissal at the close of the evidence. Rather, he made his motion as part of and during his closing argument, after the State gave its closing argument. Thus his motion was untimely. *See generally Rankin v. State*, 329 Ark. 379, 948 S.W.2d 397 (1997). J.R.'s failure to make a timely motion for dismissal precludes our review of his sufficiency argument on appeal.

■ We note that, even if J.R.'s sufficiency argument had been properly preserved for review, it would have been of no avail. While joint occupancy of a vehicle is not alone sufficient to establish possession, and additional factors are necessary, *Miller v. State*, 68 Ark. App. 332, 6 S.W.3d 812 (1999), in this case there were additional factors to link J.R. with the contraband. These included close proximity and accessibility to the methamphetamine, the fact that J.R. was driving the truck, and the fact that he told the officer "the stuff was not his," indicating guilty knowledge of its presence. The State presented substantial evidence that J.R. was in possession of the contraband.

Affirmed.

BIRD and ROAF, JJ., agree.