252 S.W.3d 144 (2007)
A.D.S., Appellant,
v.
STATE of Arkansas, Appellee.
No. CA 06-520.
Court of Appeals of Arkansas.
March 7, 2007.
Harvey Harris, North Little Rock, for appellant.
Mike Beebe, Att'y Gen., by:, Frahan Khan, Ass't Att'y Gen., for appellee.
JOHN MAUZY PITTMAN, Chief Judge.
The appellant in this juvenile delinquency case was found delinquent by reason of possession of an instrument of crime, a *145 methamphetamine pipe. On appeal, she argues that the trial court erred in denying her motion for a directed verdict based on insufficiency of the evidence. We affirm without reaching the merits of her argument because it is not properly before us.
At the hearing on this matter, appellant's attorney moved for a directed verdict without specifying any grounds. The motion was denied, and the trial judge proceeded to argument. Although appellant raised the insufficiency argument now presented on appeal during his closing argument shortly thereafter, this was ineffectual to preserve the issue. In Raymond v. State, 354 Ark. 157, 118 S.W.3d 567 (2003), the Arkansas Supreme Court was presented with a similar situation. There, the court held that Raymond was required to move to dismiss prior to closing arguments and that, because he failed to do so, the court was precluded from reviewing his sufficiency claim. Likewise, McClina v. State, 354 Ark. 384, 123 S.W.3d 883 (2003), expressly holds that a motion for dismissal or directed verdict that is made during a closing argument instead of at the close of evidence does not preserve a sufficiency argument for appellate review. Accord J.R. v. State, 73 Ark.App. 194, 40 S.W.3d 342 (2001) (applying rule in a juvenile delinquency case). Because appellant's argument is not preserved for appeal, we must affirm.
Affirmed.
BIRD, J., agrees.
HART, J., concurs.
HART, J., concurring.
The majority has unquestionably correctly applied our precedent, and therefore this case should be affirmed. However, I write separately because I believe that this case exposes an anomaly in our juvenile code, and because the outcome dictated by our case law is a quintessential example of elevating form over substance.
While proceedings involving juveniles are considered to be civil cases, our juvenile code expressly provides that the Arkansas Rules of Criminal Procedure apply to delinquency proceedings. Ark.Code Ann. § 9-27-325(f) (Supp.2001). Usually, this requirement inures to the benefit of the juvenile. However, that is clearly not the case in regard to preserving challenges to the trial court's denial of a motion to dismiss for appeal. In other civil cases, preservation is governed by Arkansas Rule of Civil Procedure 50(e), which is far more permissive in preserving issues for appeal. $15,956 In U.S. Currency v. State, 366 Ark. 70, 233 S.W.3d 598 (2006) (holding that an appellant's argument on appeal was not constrained by a motion to dismiss made to the trial court). The counterpart to Rule 50 in the criminal procedure realm is Arkansas Rule of Criminal Procedure 33.1. It is far more draconian relative to issue preservation, stating in pertinent part that:
(b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.
(c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely *146 stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.
I believe that this is clearly a consequence that was not contemplated when our juvenile code was amended  in attempting to provide greater protection to a juvenile's rights, our juvenile code provides substantially less protection on appeal.
More troubling still is the application of Arkansas Criminal Procedure Rule 33.1 in this case. It has been stated so often as to be axiomatic that Rule 33.1 requires a criminal defendant to make a specific motion for a directed verdict to apprise the trial court of which element of the crime the State has failed to prove. Travis v. State, 328 Ark. 442, 944 S.W.2d 96 (1997); Dixon v. State, 327 Ark. 105, 937 S.W.2d 642 (1997); Webb v. State, 327 Ark. 51, 938 S.W.2d 806 (1997); Dulaney v. State, 327 Ark. 30, 937 S.W.2d 162 (1997). While unquestionably A.D.S.'s trial counsel's statement, "We would move for a directed verdict, Your Honor," utterly failed to serve the purpose of Rule 33.1, his closing argument made just seconds later concerning constructive possession did. That argument was thorough, well-formulated, and included the citation of the applicable case law. In short, it provided the trial court with everything that it needed to make the correct legal decision. Yet, our case law holds that because the prosecutor made a brief argument before A.D.S.'s trial counsel made his detailed legal argument which supported his directed-verdict motion, we must hold that the argument is not preserved for appeal. Raymond v. State, supra. I find it ironic that if A.D.S.'s trial counsel had simply stated: "The State has not proven constructive possession," and nothing else, the issue would be preserved for appeal, while a far more complete motion counts for naught.
Justice is not well-served in this instance because there was no testimony elicited after A.D.S.'s directed-verdict motion and her closing argument, which was made to a circuit judge. Every day, we charge even the least educated, most minimally-mentally-competent persons in this state with indepth knowledge of the law. That is, except for our trial judges, who must, according to our court rules, have the law explained to them by the parties. Unless we think that this makes sense, it is time that we take a hard look at our court rules and jurisprudence concerning the preservation of issues on appeal.