
# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR–16–485

| | | |
|---|---|---|
| N.L. | | **Opinion Delivered** April 12, 2017 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17JV-15-295] |
| V. | | |
| | | HONORABLE MICHAEL MEDLOCK, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

The Crawford County Circuit Court adjudicated appellant N.L. delinquent and committed him to the Department of Youth Services for an indeterminate period of time. N.L. filed a timely notice of appeal and now challenges the sufficiency of the evidence supporting his delinquency adjudication. We affirm.

The State filed a delinquency petition alleging that N.L. committed the offenses of aggravated assault on a family or household member and second-degree domestic battery.[1] These two charges stemmed from allegations that N.L. and his stepfather, Harrell Kimes, had been involved in an altercation. During that altercation, N.L., who was armed with a knife, hit Kimes so hard that Kimes required reconstructive surgery to repair his eye socket. At trial,

---

[1] The State's original delinquency petition alleged that N.L. had also committed the offense of possession of a controlled substance. That charge, however, was eventually severed from the assault–and–battery charges at issue in this appeal.

SLIP OPINION

the State presented evidence and testimony from Kimes and N.L.'s mother, Christine Kimes, describing the facts surrounding the fight.

At the conclusion of the State's case, N.L. moved for directed verdict:

> Your Honor, at this time we move to dismiss on the grounds that the State has not shown each and every element of the charges beyond a reasonable doubt, and we'd renew all objections at this time.

N.L. proceeded with his case-in-chief. After the last defense witness had testified, the court asked if there were any further witnesses, and counsel replied that he would "just ask for an opportunity to be heard in closing." Counsel went on to argue that the case was

> kind of [a] heat of passion situation. [N.L.] was justified in pulling the knife out. . . . Harrell was the first aggressor as far as throwing a punch. He didn't grab the knife when Harrell was coming at him; he used his fists like Harrell was using. I would argue that he's justified in doing that.

The State then presented its closing arguments; the court asked for any response; and defense counsel replied, "Your Honor, we'd just renew all objections."

On appeal, N.L.'s sole argument is a challenge to the sufficiency of the evidence on the offenses of aggravated assault on a family or household member and second-degree domestic battery. A person commits the offense of aggravated assault on a family member if, under circumstances manifesting extreme indifference to the value of human life, the person purposely engages in conduct that creates a substantial danger of death or serious physical injury to a family or household member. Ark. Code Ann. § 5-26-306(a)(1) (Repl. 2013). A person commits second-degree domestic battery if, with the purpose of causing physical injury to a family or household member, the person causes serious physical injury to a family or household member. Ark. Code Ann. § 5-26-304(a)(1).

2

Under the Juvenile Code, the Arkansas Rules of Criminal Procedure apply to delinquency proceedings. Ark. Code Ann. § 9–27–325(f) (Repl. 2015); *see also T.C. v. State*, 2010 Ark. 240, 364 S.W.3d 53. Rule 33.1 of the Arkansas Rules of Criminal Procedure governs motions to dismiss in bench trials and provides in relevant part as follows:

> (b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. *The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.*

> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. *A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense.* A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

(Emphasis added.)

The appellate courts strictly construe Rule 33.1. *Grady v. State*, 350 Ark. 160, 85 S.W.3d 531 (2002). Here, in order to have preserved his challenge to the sufficiency of the evidence, N.L. was required to move to dismiss at the close of the evidence, and his motion must have been specific enough to advise the circuit court of the exact element of the crime that the State has failed to prove. *See id.* The rationale behind this rule is that "when specific grounds are stated and the absent proof is pinpointed, the circuit court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof."

*T.C.*, 2010 Ark. 240, at 9, 364 S.W.3d at 59 (quoting *Pinell v. State*, 364 Ark. 353, 357, 219 S.W.3d 168, 171 (2005)).

N.L.'s motion to dismiss at the close of the State's case was a generic motion. Without any specificity, N.L. contended only that the State had failed to prove the elements of the offense. This was insufficient to preserve the specific sufficiency arguments that are being raised on appeal. *See Campbell v. State*, 2017 Ark. App. 59, ___ S.W.3d ___. A general motion merely asserting that the State has failed to prove its case is inadequate to preserve the issue on appeal. *T.C.*, 2010 Ark. 240, at 10, 364 S.W.3d at 59–60.

We are mindful that N.L. did raise justification and self-defense in his closing statements at trial. On appeal, he expands on his justification and self-defense arguments, contending that he was acting in defense of his mother and then in defense of himself against Kimes. Specifically, he asserts that Kimes was the initial aggressor against N.L. and N.L.'s mother and that it was Kimes who "egged [N.L.] on into a confrontation." Therefore, he maintains that he was acting in defense of himself and in defense of his mother.

We nonetheless conclude that N.L.'s arguments are not preserved for appellate review. This court has held that, even when a specific argument supporting the motion for dismissal is made during the closing arguments, the sufficiency argument is not preserved for appeal. *D.S. v. State*, 2009 Ark. App. 314; *A.D.S. v. State*, 98 Ark. App. 122, 252 S.W.3d 144 (2007).[2] Moreover, the supreme court has held that a "failure to make [a] motion[ ] for

---

[2] *See also State v. Holmes*, 347 Ark. 689, 693, 66 S.W.3d 640, 643 (2002) ("In order to preserve the question of the sufficiency of the evidence, Holmes should have made his motion for directed verdict at the close of all the evidence *before closing arguments*.") (emphasis added).

directed verdict with specificity regarding the sufficiency issue on appeal equates to the motion never having been made. We hold that this is so even in situations where the motion is specific at the close of all the evidence but not at the close of the State's case." *Williamson v. State*, 2009 Ark. 568, at 8, 350 S.W.3d 787, 791 (citing *Elkins v. State*, 374 Ark. 399, 402, 288 S.W.3d 570, 573 (2008)). Accordingly, we conclude that N.L. failed to preserve his challenge to the sufficiency of the evidence.

Affirmed.

GRUBER, C.J., and VIRDEN, J., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Amanda Jegley*, Ass't Att'y Gen., for appellee.

SLIP OPINION