
# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-17-323

| | | |
|---|---|---|
| L.J. | | **Opinion Delivered:** November 8, 2017 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TENTH DIVISION [NO. 60JV-16-945] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JOYCE WILLIAMS WARREN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## MIKE MURPHY, Judge

Appellant L.J. was adjudicated a delinquent after the trial court found that she had committed the crimes of possession of controlled substances (methamphetamine and benzodiazepines) with intent to deliver and two counts of possession of drug paraphernalia. For her sole argument on appeal, L.J. argues that the trial court's decision was not supported by substantial evidence. We affirm.

In reviewing a juvenile-delinquency case, we look at the record in the light most favorable to the State to determine whether there is substantial evidence to support the adjudication. *J.R. v. State*, 73 Ark. App. 194, 195, 40 S.W.3d 342, 342 (2001). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without mere speculation or conjecture. *Id.*

Deputy Stephanie Cloos with the Pulaski County Sheriff's Office testified on behalf

of the State. She stated that she was on patrol duty with a field-training officer on July 27, 2016, when she had to take evasive measures to avoid a collision with the car driven by seventeen-year-old L.J. She pulled the vehicle over. There were two men in the car along with L.J. As Deputy Cloos was speaking with L.J., L.J. spontaneously admitted that she had been smoking marijuana. Deputy Cloos testified that L.J. appeared so disoriented and "out of it" that she did not know where she was and could hardly speak. Deputy Cloos placed L.J. under arrest for driving under the influence.

Both passengers were also searched. One had paraphernalia on him and another had drugs. They were both arrested. After the arrests, Deputy Cloos and the other officer conducted an inventory of the vehicle. In the console, they found a used syringe, "a glass pipe with crystalline burnt substance in it," and multiple containers of pills. The pills were all later identified through the state crime lab as alprazolam (Xanax) and the crystalline residue was identified as methamphetamines.

For reversal, L.J. argues that substantial evidence did not support the trial court's finding that she constructively possessed controlled substances and drug paraphernalia.

The State argues that L.J.'s challenge to the sufficiency of the evidence is not preserved for review because she failed to move for dismissal at the close of the evidence pursuant to Arkansas Rule of Criminal Procedure 33.1(b). We agree. Rule 33.1(b) provides:

> In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.

Pursuant to Rule 33.1(c), a defendant's failure to make a timely motion for dismissal constitutes a waiver of any question pertaining to the sufficiency of the evidence. The rules

of criminal procedure are applicable in juvenile-delinquency proceedings. Ark. Code Ann. § 9-27-325 (Repl. 2015); *Trammell v. State*, 70 Ark. App. 210, 16 S.W.3d 564 (2000).

Here, L.J. made a motion for dismissal following the close of the State's evidence but failed to renew that motion after the close of her own evidence. Further, while her closing arguments did reiterate many of the same claims she made in her motion to dismiss, even if she had renewed the motion at that time, it still would have been too late. *See, e.g., J.R. v. State*, 73 Ark. App. at 196–97, 40 S.W.3d at 343–44 (holding that a motion to dismiss made as a part of and during closing argument after the State had given its closing argument was untimely made). L.J.'s failure to make a timely motion for dismissal precludes our review of her sufficiency argument on appeal.

We note that even if L.J.'s sufficiency argument had been properly preserved for review, it would have been of no avail. L.J. argues that the State never proved that she had knowledge of the controlled substances and paraphernalia. However, a defendant's control over, and knowledge of, the contraband can be inferred from the circumstances, such as the proximity of the contraband to the accused, the ownership of the property where the contraband is found, and the accused's behavior. *Block v. State*, 2015 Ark. App. 83, at 6, 455 S.W.3d 336, 340. Here, L.J. was the owner and driver of the vehicle, admitted to using drugs earlier that day, and tested positive for the same drugs found in the console. The State presented substantial evidence that L.J. was in possession of the contraband.

Affirmed.

GRUBER, C.J., and HIXSON, J., agree.

*Everett O. Martindale*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.