Cite as 2025 Ark. App. 224

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CR-24-304

| | | |
|---|---|---|
| MINOR CHILD | | Opinion Delivered April 16, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23JV-24-7] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE TROY B. BRASWELL, JR., JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## BART F. VIRDEN, Judge

Minor Child (MC) appeals the Faulkner County Circuit Court's decision adjudicating him delinquent for committing second-degree battery, criminal mischief, resisting arrest, third-degree assault, and disorderly conduct. He argues that there was insufficient evidence to support a delinquency adjudication regarding the third-degree-assault charge. We affirm.

### I. *Relevant Facts*

On July 26, 2023, the State filed a delinquency petition alleging that MC committed theft of property (case number 23JV-23-238). The petition was nolle prossed on November 29, and MC was placed on probation. On January 8, 2024, the State issued a delinquency petition alleging that MC committed second-degree battery, criminal mischief, resisting

arrest, third-degree assault, and disorderly conduct as well as a petition to revoke MC's probation.

A combined adjudication and revocation hearing was held on January 31. Alyson Smith testified that on December 18, 2023, she was working as the general manager of a Conway Burger King when MC entered the restaurant. MC was talking on the phone and appeared to be upset. Smith recalled that MC asked if Burger King was hiring, and she informed him that this location was hiring. MC began yelling about an "Impossible Burger" and asked Smith to serve him. Smith walked away from MC toward the wall near the bathroom area and asked him if he could "tone it down a bit." Smith told her daughter to give her the phone "because he was being very loud," and Smith told MC that she was refusing him service. MC then knocked the cookie display off the counter area, shattering it, and threw his milkshake at Smith. Smith's hair, face, neck, and clothes were "covered" in the milkshake. MC then left the restaurant in an agitated state. Shortly thereafter, MC was approached by Officer Steve Pointer of the University of Central Arkansas Police Department, who saw MC walking on Donaghey Avenue shouting to himself. Officer Pointer positioned his patrol vehicle next to MC, and MC verbally abused Pointer and reached into his (MC's) pocket. Officer Pointer placed MC in handcuffs for disorderly conduct, and MC spat on the officer's leg and continued verbally abusing him. Conway Police Officer Samuel McCormack confirmed to Officer Pointer that MC was the person involved in the Burger King incident earlier that day. When Officer McCormack tried to take MC's phone from him, MC scratched Officer McCormack's wrist, drawing blood.

At the close of the State's case, the State asked to dismiss the revocation in case number 23JV-23-238, and the court granted the request. MC moved to dismiss the third-degree-battery charge, asserting that "[t]here's no testimony of apprehension—on the part of any witness" and that "some testimony of the apprehension is required." The motion was denied.

In the order entered the same day, the court adjudicated MC delinquent on all charges. MC was sentenced to the Division of Youth Services and ordered to receive intensive in-home services following his release. MC timely filed his notice of appeal, and this appeal followed.

II. *Discussion*

In reviewing the sufficiency of the evidence in a delinquency case, we apply the same standard of review as in criminal cases; that is, we view the evidence in the light most favorable to the State, considering only the proof that tends to support the finding of delinquency. *T.S. v. State*, 2017 Ark. App. 578, at 3–4, 534 S.W.3d 160, 162. We will affirm if the adjudication is supported by substantial evidence, which is evidence that is of sufficient force and character to compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.*

Arkansas Code Annotated § 5-13-207(a) (Repl. 2024) provides that "[a] person commits assault in the third degree if he or she purposely creates apprehension of imminent physical injury in another person."

MC appeals his delinquency adjudication for committing third-degree assault, arguing that there was no evidence that he had the purpose of hitting Smith with the milkshake or that Smith had any apprehension of being hit with it. MC asserts that he did nothing aggressive or threatening before he threw the shake in Smith's direction.

MC did not preserve his argument that there was insufficient evidence of his intent to throw the milkshake at Smith. At the close of the State's case, MC moved to dismiss the third-degree-assault charge, arguing that "[t]here's no testimony of apprehension . . . on the part of any witness." MC further argued, "I believe some testimony of the apprehension is required." MC did not argue below as he does now for the first time on appeal that there was no evidence of his purpose to hit Smith with the milkshake. Under the Juvenile Code, the Arkansas Rules of Criminal Procedure apply to delinquency proceedings. Ark. Code Ann. § 9-27-325(f) (Supp. 2023). Rule 33.1(b) of the Arkansas Rules of Criminal Procedure provides that in a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of the evidence and shall state the specific grounds therefor. Rule 33.1(c) provides that the failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsection (b) will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the judgment. Rule 33.1(c) further provides that a motion for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. The appellate courts strictly construe Rule 33.1. *N.L. v. State*, 2017 Ark. App. 227, 519 S.W.3d 360.

Because MC did not challenge the sufficiency of the evidence with respect to the element of intent, he failed to preserve this argument for our review. *See P.J. v. State*, 2019 Ark. App. 315, at 5, 578 S.W.3d 307, 310.

We now turn to MC's argument that there was no evidence that Smith had any apprehension of imminent physical injury; thus, there was insufficient evidence that he committed third-degree assault. MC points to the evidence presented at the hearing that Smith recorded the incident with her phone, arguing that she must not have been apprehensive if she was recording him rather than protecting herself or her phone. MC contends that Smith moved away from him only because he was being loud, not because she was apprehensive of imminent physical injury. MC also asserts that "the cup landed far from [Smith]" and notes that there was no testimony that he verbally threatened her, had an "aggressive posture," or used a weapon. MC concedes that knocking over the cookie display and throwing the milkshake were two aggressive acts; however, he contends that both events "happened almost simultaneously." MC's argument is not well taken.

Essentially, MC asks this court to reweigh the evidence in his favor and reach a result contrary to that of the circuit court. We decline to do so. Instead, this court's responsibility is to determine whether the evidence supporting the verdict is substantial. *See Shaw v. State*, 2023 Ark. App. 55, 660 S.W.3d 591; *Hale v. State*, 343 Ark. 62, 74, 31 S.W.3d 850, 857 (2000).

Reviewing the evidence in the light most favorable to the State, we hold there is sufficient evidence to support MC's adjudication of delinquency. Smith testified that MC

threw the milkshake "at" her, and it hit the wall close enough to her that the contents were in her hair and on her face and clothing. As the State points out, recording the incident could just as easily mean that Smith was afraid she would be injured by MC, and she wanted to create a record. The trier of fact is not required to set aside common sense and need not view each fact in isolation, but it may instead consider the evidence as a whole. *Wheeler v. State*, 2017 Ark. App. 540, at 10, 532 S.W.3d 602, 609. Here, the court did not resort to speculation or conjecture in finding MC delinquent for third-degree battery. Accordingly, we affirm.

Affirmed.

ABRAMSON and BARRETT, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.